If this were a question between the original parties to the bond, I should have no doubt that the defense could be available for the defendant, since the consideration of the bond is illegal; and I should be willing *Page 97 
to make a similar decision as against an assignee; for the rule of law which avoids the bond, though founded on evident justice and policy, may be eluded in every instance, if an assignee without notice can recover. But this is a consideration for the Legislature, and they have not left us at liberty to decide according to our individual perceptions of justice, but have established a rule which we are bound to follow.
The act of 1796 makes bonds "negotiable in the same manner and under the same rules and regulations as notes called promissory or negotiable notes have heretofore been." This refers us to the existing law relative to promissory notes, which must furnish the rule for the decision in this case. The cases which are familiarly known concur in establishing the position that, independently of positive enactments, where a negotiable instrument is voidable as between the original parties, either because it is founded on a consideration prohibited by the common law or where it was without consideration at its commencement, it is nevertheless good in the hands of an indorsee for valuable consideration without notice, either express or implied, of the defect or failure of the consideration, as regards any other person than his own immediate indorsee. An indorsee so described is not affected by fraud or other transactions between the original parties. 3 Caines, 279; 4 Mass. 161.
But notice, in legal understanding, is not confined to the positive knowledge of a fact, but the law implies it whenever such circumstances of suspicion exist as ought in reason to put a man upon inquiry into the transaction between the parties to whose contract he is about to succeed. Thus, an indorsee who takes a note after the time of payment has elapsed may, in an action against the maker, be repelled by any defense (150) of which the maker could have availed himself in an action by the payee, such as fraud, want of consideration, payment, release, set-off, etc. 3 Term, 80; 1 H. Bl., 89, note a.
But I have met with no case, excepting those provided for by statute, wherein an indorsee without notice and for valuable consideration can be affected by the illegality or defect of the consideration when he sues the maker. Here the bond was indorsed before it became due, and for a valuable consideration; for which reasons I think the judgment below wrong, and that there ought to be a new trial.