May Term,
1834.

Phillips
v.
Bradbury.

---

## Phillips and Another v. Bradbury and Another.

To an action on a promissory note, the defendant pleaded in bar as to part of the amount, that the consideration of that part was goods sold and delivered at a sound price, as good and saleable goods, which goods were damaged and of little or no value. *Held*, that the plea—containing no averment either of fraud or warranty—was insufficient.

Wednesday,
June 4.

APPEAL from the *Rush* Circuit Court. In this case, *Bradbury* and another were the plaintiffs below, and *Phillips* and another the defendants.

May Term, 1834.

PHILLIPS
v.
BRADBURY.

M'KINNEY, J.—T'ıis is an action of debt brought on a promissory note. The·defendants below, on *oyer* of the note, pleaded *actio non.* to all the amount in the declaration mentioned, except the sum of 700 dollars, because they say, that the consideration for which the said note was made and executed, was a bill·of store goods consisting of an invoice of broad cloth supposed to be worth 200 dollars,. an invoice of cassinet supposed to be worth 200 dollars, and an invoice of calico and domestic cotton supposed to be worth 300 dollars, together with other goods amounting to the residue of the said note, at that time furnished and advanced by the plaintiffs, as merchants and dealers in goods of that kind, to the said defendants; and the said defendants aver that they purchased the said 200 dollars supposed worth of cloth, and the said 200 dollars supposed worth of cassinet, and the said 300 dollars supposed worth of calico and domestic cotton, of the said plaintiffs as and for good, sound, and saleable goods, and at a sound price; when in truth and in fact the defendants say that the said goods, to wit, the said 200 dollars invoice of cloth, the said 200 dollars invoice of cassinet, and the said 300 dollars invoice of calico and domestic cotton, were included in said note as 700 dollars of the consideration of said note, and were rotten, damaged, and of little or no value; and this they are ready to verify, &c.

The plaintiffs prayed judgment of the part unanswered by the plea, and as to the residue demurred specially, assigning the following causes:—1. T ie plea does not answer all it assumes to answer; 2. There is neither a warranty of the goods, nor a knowledge on the part of the plaintiffs of any defect in them, alleged in the plea; 3. The plea says the goods were of little or no value, but of how little value is not stated. On joinder, the demurrer was sustained, and judgment rendered for the plaintiffs.

The second objection to the pleas sustains the judgment of the Circuit Court. . The law is well settled, that unless there be an express warranty or fraud in the sale of a personal chattel, the vendor is not liable for defects of any kind. In a note to the case of *Parkinson* v.·*Lee*, 2 .East, 314, the authorities upon this point are collected, and it is unnecessary to advert particularly to them. The plea does not allege a warranty, nor does it charge fraud. The only ground for its support would appear to be the rule of the civil law, that a sale for a

May Term,
1834.

sound price implies a warranty of soundness in the thing sold. This rule of the civil law has been adopted in some states of the Union. We, however, must regard the common law, and its exposition upon this point, as our guide (1).

The plea, exclusive of this objection, is otherwise radically defective.

*Per Curiam.*——The judgment is affirmed, with 3 *per cent.* damages and costs.

*J. Rariden*, for the appellants.

*O. H. Smith*, for the appellees.

(1) Vide *Wynn et al.* v. *Hiday*, Vol. 2, of these Rep. 123.