JAMES H. MULFORD, who sues for the use of Alexander N. Fullerton, plaintiff in error, *v.* ALBERT SHEPARD, defendant in error.

*Error to Will.*

The fraud which will vitiate a negotiable instrument in the hands of an assignee who has no notice of the fraud, must be in obtaining the making or executing of the note.  Fraud in relation to the consideration, is not sufficient.

Before the consideration of a negotiable note can be impeached in the hands of a *bona fide* endorsee, the defendant must show that the note was endorsed after it became due, or that the endorsee had notice of the want of consideration at the time he received it, or that there was fraud in obtaining the making of the note.

*Semble,* That a motion for a new trial may be made even after the entry by the clerk of final judgment, if it be made at the term of the Court at which the first trial was had.

A misrepresentation, on the sale of a tract of land, of the quantity of prairie broken, and a failure on the part of the seller, to inform the purchaser that there was an unexpired lease of a portion of the premises to a tenant, does not constitute a fraud so as to bar a recovery on a note given for the purchase of the same.  Such facts might, perhaps, be matter of defence to the note in the hands of the original payee, to the extent of the depreciation, on those accounts, in the value of the property sold.

*Semble,* That in an action on a promissory note by the endorsee against the maker, the presumption of law is that the note was assigned before it became due, until the contrary is shown.

*Semble,* That the Court will presume that an affidavit made upon a motion for a new trial, and referred to in the bill of exceptions taken upon the overruling of the motion, is true, unless the same is disputed in the record.

THIS was an action commenced by the plaintiff in error, in the

Circuit Court of Will county, against the defendant in error, upon a promissory note for $250, bearing date January 26, 1837, made by the defendant, and payable to Abel Gilbert or order, six months from date, with interest, and by said Gilbert endorsed and assigned to the plaintiff. The declaration alleges that the note was endorsed to the plaintiff before it became due.

The defendant pleaded the general issue, and by agreement of parties, had permission " to give any special matter in evidence on the trial, which by the law and rules of pleading, could be specially pleaded in bar."

The cause was tried by a jury, and a verdict rendered for the defendant, at the September term, 1338, of the Court below, the Hon. John Pearson presiding. The record states that a judgment for costs was rendered upon the verdict against the plaintiff, and thereupon he moved the Court for a new trial. The motion for a new trial was made upon the same day that the trial was had. The motion for a new trial was overruled, and the plaintiff excepted to the opinion of the Court in overruling the motion. The bill of exceptions states, that " after trial and verdict for the defendant, the plaintiff gave notice of a motion he was about to offer for a new trial, and made the motion on file, accompanied by the affidavit on file with the records of said cause, which motion was overruled by the Court, and the plaintiff excepted." The affidavit sets forth the evidence given to the jury, and after stating that the note and endorsement to the plaintiff were fully proved, further states, "that there was no evidence offered or given, showing, or tending to show, that the said plaintiff had, at the time of the endorsement and delivery of said note to him, any notice of the consideration for which said note was given, or of the circumstances under which it was given," and that " there was no evidence given to prove that any fraud or circumvention was used in obtaining the making or executing of said note, otherwise than that said Gilbert represented that there were forty acres of prairie broken on the farm, for the purchase of which the note was given, and the evidence for the defendant showed that there was only about fifteen acres of the same broken, and the garden containing what number of acres the affiant did not recollect; and that at the time of the making of the sale of the Maggord farm, (the consideration for which the note mentioned in the declaration was given) there was snow on the ground to the depth of several inches, so that witness could not tell how much of said land was broken; and that there was a lease to one Davis, and that one Davis was on a part of the land at the time said note was given, of which Gilbert did not inform Shepard, and that Shepard gave said Davis $75 to remove from said land; and that it was worth from $3,50 to $4,00 per acre to break said prairie, and that Gilbert, after the making said sale to said She-

pard, acknowledged that he knew of said lease to said Davis, but that he thought at the time that he could procure the removal of said Davis, and that was the reason that he did not tell Shepard of said lease to said Davis." The affidavit contained other immaterial evidence.

The plaintiff prosecuted a writ of error to this Court, and assigned for error the refusal of the Court below to grant a new trial, and the overruling of the motion therefor.

J. Young Scammon and G. A. O. Beaumont, for the plaintiff in error, relied upon the following points and authorities:

1. That the presumption of law is, that a note is endorsed before maturity, until the contrary is shown.

2. That the maker of a note cannot avail himself of a failure of consideration, or want of consideration, for the note, in an action by an endorsee against him, unless he first show that the note was endorsed after maturity, or that the endorsee had notice of the fact at the time he received the note.

3. That the fraud which vitiates a note in the hands of an endorsee without notice, must be in the making of the note, not in the consideration; that if the maker intended to have made such a note as is held by the endorsee, he cannot impeach it in his hands; the rule of law being that where one of two innocent persons must suffer through the fraud of a third, he who put it into the power of the fraudulent individual to commit the wrong, must suffer. R. L. 483; Gale's Stat. 527; Chitty on Bills; 3 Mass. 334; 3 Day 311; Cowen's Treatise 97; Forman, 319, 77.(1)

Uri Osgood, for the defendant in error, contended,

1. That the motion for a new trial was not made in season; that it was not made until after judgment was rendered upon the verdict of the jury. R. L. 491–2, § 20(2); Forman 77.(1)

2. That the fraud proved was such as is contemplated by the statute.

Smith, Justice, delivered the opinion of the Court:

This was an action by the endorsee of a promissory note, endorsed before the day of payment, against the maker. The declaration is in the usual form. The defendant pleaded the general issue, and by agreement had leave to give any special matter in evidence, under the plea, which would amount to a bar to the action. It appears that a judgment was rendered on a general verdict for the defendant.

From the bill of exceptions (which makes by reference to it, an affidavit of the plaintiff's counsel, a part thereof,) it appears that it was proved on the trial, that the note was given as a part

(1) *Ante* 103, 536.    (2) Gale's Stat. 539.

consideration for the payment of a tract of land purchased of the endorser of the note, by the maker; and that a false statement had been made by the endorser to the maker of the note, (who is defendant here) as to the quantity of ploughed land contained in the tract; and that he had also suppressed the knowledge from the maker, that a tenant on the land had a lease of a part thereof; and the defendant had to pay the tenant seventy-five dollars to leave the premises. That no evidence was adduced on the trial tending to show that the plaintiff had at the time of the endorsement and transfer of the note, any knowledge of the consideration for which the note was given, or the circumstances under which it was made. Other facts, of minor importance, are stated, which it is not necessary to recapitulate. The plaintiff moved for a new trial, which the Circuit Court refused.

The assignment of errors questions the correctness of the decision of the Circuit Court in refusing to grant the new trial, and in admitting the evidence to impeach the consideration of the note in the hands of the holder, without showing notice to him of the failure, or part failure of the consideration thereof, before the assignment, or showing the transfer of the note after it became due.

We think the evidence was improperly admitted to the jury, or, in other words, that the evidence formed no defence to the action.

It could be no ground of defence against the innocent holder of a negotiable note assigned before it became due; nor can the evidence be applied as matter of defence under the 6th section of the act relative to promissory notes, and other instruments in writing, made assignable by the act of the 3d January, 1827, which admits of a defence against the assignee, as well as the payee of an assignable note or instrument in writing, where fraud or circumvention is used in the obtaining the making or executing of such instrument.

This case falls directly within the principles of the rule laid down in the case of Woods against Hynes, decided in this Court at the December term, 1833.(1) In that case the defendant pleaded specially that the note was obtained by fraud and circumvention, the goods for which it was given being less in quantity, and deficient in quality, from what they were represented to be by Wilkin, the payee of the note. In that case, we said " It would be apparent that the plea would have been no bar to the action on the note in the hands of an innocent endorsee or assignee, as has been repeatedly adjudged; nor would the 6th section of the act above referred to, give the right to interpose such a defence, where there is a mere deficiency in the quality or quantity of the article sold, as between the maker and the

(1) *Ante* 103.

assignee. The section declares that if any fraud or circumvention be used in obtaining the making or executing of any of the instruments described, it shall be void, not only between the maker and payee, but every subsequent holder. We further held that that case did not come within this provision.

The fraud charged consisted in the contract itself, not in the obtaining the making of the note. If a person represent a note to contain a particular sum, when in truth the amount is much greater, and obtain an execution of it, there would be a case contemplated by the statute, and the note would be void, not only between the maker and payee, but between him and every subsequent-holder. That, however, was not the case under consideration, for the plea admitted a valuable consideration, but denied one to the extent of the face of the note, because of the deficiency in quantity and quality of the articles sold, which were alleged to be of full value. It would not be denied but that the plaintiff was entitled to recover the value of the goods, even if he had stood in the place of the original payee, but being an innocent holder before the note became due, it is most clear that the matters of the plea would be no legal defence to the action.

The facts in this case are of precisely similar character. The false suggestion as to the value and improvement of the land, with the suppression of the fact of occupancy and lease of a part of the premises to the tenant, could only operate to proportionately reduce the value of the tract of land, but would not, we apprehend, render the note void even between the original parties. As between them, in an action on the note, it might perhaps be matter of defence to the extent of the depreciation; but this could not render the note void between the maker and assignee. It will be thus seen that the facts disclosed, do not amount to the nature of the defence contemplated by the statute; and the misapplication of the facts to the law, is, we think, very apparent.

The verdict for the defendant was, then, certainly not right or just under the law, and its correction is demanded by every consideration of justice. We are accordingly of opinion that the judgment should be reversed with costs, and a new trial granted.

The cause is therefore to be remanded to the Circuit Court of Will county, with instructions to award a *venire de novo*, and to proceed in the same in conformity to this opinion.

*Judgment reversed.*

*Note.* See Woods *v.* Hynes, *Ante* 103; Miller *v.* Howell, *Ante* 499; Miller *v.* Houcke *et al.* 501; Vanlandingham *v.* Fellows *et al.*, *Ante* 233.

To an action on a promissory note, the defendant pleaded in bar as to part of the amount, that the consideration of that part was goods sold and delivered at a sound price, as goods and saleable goods, which goods were damaged and of little or no value. *Held* that the plea—containing no averment either of fraud or warranty—was insufficient. Phillips *et al. v.* Bradbury *et al.*, 3 Blackf. 388.

*It seems* that a note given for a pretended title, is not void in the hands of an endorsee. Baker *v.* Arnold, 3 Caines 279.

In an action by the endorsee of a note, not void in its creation, and endorsed before it became due, against the maker, the consideration cannot be enquired into. Baker *v.* Arnold, 3 Caines 279; Braman *v.* Hess, 13 Johns. 52.

The want or illegality of consideration of a note transferred before due, cannot be shown in an action by a *bona fide* holder without notice, except where the note is declared void by statute; and it was held, in an action by such holder, that a defence could not be set up that the note was delivered as an *escrow*. Vallett *v.* Parker, 6 Wend. 615.

A note given on the purchase of real estate held adversely, is not void by statute. *Ibid.*

Where a note is adjudged void by a court for the want, failure, or illegality of the consideration, it is void only in the hands of the original owner, or of those who are chargeable with, or have had notice of the consideration. *Ibid.*

The endorsement of a note, in presumption of law, is cotemporaneous with the making of it, or at all events, antecedent to its becoming due; if the defendant, in a suit by the endorsee, wishes to avail himself of payment to the original holder, it is incumbent upon him to show the endorsement to have been subsequent to the payment. Pinckerton *v.* Bailey, 8 Wend. 600. See, also, Tyler *v.* Young, *et al.,* 2 Scam.