the 24th of March, 1794, and which he sold to said *Bristol*, and received payment therefore, previous to, and on, said 2d of October, 1795. The declaration concluded, by raising an *assumpsit*, in common form.

The general issue was pleaded, and closed to the Court. Judgment, that the defendant did assume, and damages assessed.

Error assigned, that the declaration was insufficient.

*Ingersoll* and *Staples*, for the plaintiff in error, urged, that the declaration was too general ; and, that it did not appear, by the special circumstances stated, but that the defendant below had a right to retain the money.

*Daggett* and *W. Hillhouse*, for the defendants in error.

By the whole Court,

The judgment was affirmed.

## Sterry *v.* Robinson.

In the Court below,

William Robinson and Sylvester Robinson, *Plaintiffs* ; Stephen Sterry, *Defendant.*

ACTION of *assumpsit*, on a bill of exchange.

The declaration stated, that the defendant, at the Island of St. Vincents, in the West-Indies, drew a bill of exchange directed to *Josiah Raymond*, meaning *Joshua*

the bill, of the christian name of the drawee, is immaterial, if the bill be presented to the right person.

1802.

Dickinson
*v.*
Harrison.

If a bill of exchange is not accepted, an action will lie upon it, against the drawer, before the time when it is payable. A mistake, in

*Raymond*, and therein and thereby requested said *Josiah*, alias *Joshua*, *Raymond*, at thirty days sight, to pay the contents of said bill to *Claude Alexander*, or his order; which bill, having been endorsed to the plaintiffs, they caused to be presented to said *Josiah*, alias *Joshua*, *Raymond*, for his acceptance, who refused to accept the same. There was a protest for non-acceptance, and notice given to the defendant. Before the expiration of the thirty days, this action was brought against the defendant, as drawer, to recover the amount of the bill, with costs of protest, and ten per cent. damages.

To this declaration there was a demurrer.

Judgment, by the Superior Court, that the declaration was sufficient.

*Ingersoll*, for the plaintiff in error, urged, that the bill was directed to *Josiah Raymond*, and presented to *Joshua Raymond*; that these were different names; and that, of course, the presentment was of no effect. He also contended, that the action could not be instituted, till the bill, by the terms of it, fell due. The contract between the parties was, that at a certain period after sight, the bill should be paid. The contract, then, was not broken, until that period had elapsed, and a demand of payment, and refusal, had taken place. Suppose judgment should be rendered for full damages, and afterwards the bill should be paid. This would be a great hardship on the drawer.

*Dwight*, for the defendants in error, contended, that as the bill was presented to the right person, and by him refused to be accepted, and was protested for such non-acceptance, the mistake of the christian name in the bill

was immaterial. As to the time's not being elapsed, he urged, that the contract of the drawer of the bill was, that the drawee should accept it according to its tenor; and that, if he did not, an action *immediately* accrued to the holder. The case of *Milford* v. *Mayor* (a) he cited, as full to this point. If the drawer is liable for the bill, he must also be liable for costs of protest and damages, which are consequences of the non-acceptance.(b)

1802.

STERRY
v.
ROBINSON.

BY THE WHOLE COURT,

The judgment was affirmed.

(a) *Doug.* 55. See also *Chitty* 64.—*Kyd* 70.—*Bull. N. P.* 269.
(b) 2 *H. Bl.* 378, *Mellish* v. *Simeon.*

## Magill *v.* Casey.

### In the Court below,

JAMES CASEY, *Plaintiff;* ARTHUR MAGILL and STEPHEN CLAY, *Defendants.*

THE declaration stated, that *Casey* prayed out a writ of attachment against *Thomas Leverett*, and attached his goods; that *Magill & Clay* procured a writ of replevin to issue, in the name of *Leverett*, and connected therewith an action of trespass against *Casey*, in their favor, in which they alleged the goods to be their property; that they gave bond thereon to satisfy such damages as the adverse party should recover against *them*; that the sheriff, by the direction of *Magill & Clay*, took the goods, on the writ of replevin, out of the custody of the law, and delivered them to *Leverett*, whereby *Casey's* lien upon them was destroyed; that *Magill & Clay* pursued their action to trial; that the only question in the case

Former action on a replevin bond, which was adjudged void, no bar to an action on the case, for taking goods, which plaintiff had attached, out of the custody of the law, thereby destroying his lien, and defeating him of recovering his debt.