NEW-YORK,
Nov. 1810.

PEARSON
v.
PEARSON.

PEARSON *against* PEARSON.

*A gift is not consummate until the delivery of the thing promised; and until delivery, the party may revoke his promise.*

*A parol promise to pay money, as a gift, will not support an action.*

THIS was an action of *assumpsit.* The cause was tried at the *Ontario* circuit, in *June,* 1808, before Mr. Justice *Spencer.* The plaintiff declared against the defendant, as maker of a promissory note, for 530 dollars, dated 9th *December,* 1805, payable 15 months after date. Plea, *non assumpsit.*

At the trial, the note was proved. A witness testified, that a short time previous to the date of the note, a barn belonging to the plaintiff was burned, and it was generally reported in the neighbourhood, that it had been set on fire by the defendant. On the 9th *December,* 1805, the plaintiff and the defendant were together, at the house of the witnesss, when the defendant asked the plaintiff to proceed to business, and the plaintiff replied, that " he did not know that they had any business." The defendant said, " you know we have agreed to settle, and I am to give my note." The plaintiff said, he did not wish the defendant to do so, if he was innocent. The defendant asked the plaintiff what was the amount of his loss ; and was answered, " twelve hundred dollars." The defendant said, " it was hard, for he was innocent ;" and after some further conversation, the witness drew the note in question, which was subscribed by the defendant, but not delivered to the plaintiff. No other consideration was mentioned than what was stated by the witness. After the note was made, the plaintiff said, it was best to keep the transaction a secret ; and for that purpose the note should remain with the witness, in whose hands it has ever since continued. The defendant told the plaintiff, it would be in the power of the plaintiff to do him an essential service, by publishing a recantation of the charge against the defendant, as to burning the barn, and that the plaintiff believed him in-

NEW-YORK,
Nov. 1810.

PEARSON
v.
PEARSON.

nocent. The plaintiff promised to make such a publication in the *Canadarqua Gazette*. About six months after the date of the note, the plaintiff not having made the publication, some conversation took place between him and the defendant, in which the plaintiff said he should not make the publication, not conceiving it to be his duty to do so ; that he did not know that he had any note against the defendant, and if there was any note in the hands of the witness, he might deliver it up to the defendant.

It was admitted, that a bill of indictment, on which the plaintiff's name appeared as a witness, had been found against the defendant, for burning the plaintiff's barn.

The defendant's counsel moved for a nonsuit, which was overruled by the judge, who told the jury that a voluntary note, though without consideration, was valid in law; that it was a vested gift, and that the defendant was under a legal obligation to pay it ; and the jury, under the direction of the judge, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Cady*, for the defendant, contended, 1. That the note was without consideration, or that the consideration had failed ; 2. That the note never was delivered to the plaintiff; 3. That it was extorted from the defendant, by taking an undue advantage of his situation ; 4. That the declaration of the plaintiff to the witness, that he did not know that he had any note against the defendant, and that if there was any note in the hands of the witness, he might deliver it up to the defendant, amounted to a surrender of the note, and was a waiver of·any right of action upon it : 5. That the judge misdirected the jury.

*2 Bl. Comm. 445. 450. 2 Ld. Raym. 759. Mod. 242. 2 Burr. 1671. Kyd, 276. Chitty, 9. But see Comyn on Contracts, 9. 12. and 7 Term Rep. 350. n. (a).
† Evans's Essay, 151.
‡ 2 Wils. 341.

*Sedgwick*, contra, insisted, that the maker of a promissory note was not allowed to aver a want of consideration;[*] but that here the delivery of the note as a compensation for an injury, was a sufficient consideration.[†] It cannot be said that the note is void, as given to stifle a prosecution for a felony; for there was no stipulation on the part of the plaintiff not to prosecute, or to withhold his evidence.[‡]

*Per Curiam.* The validity of the note cannot be supported upon the ground taken at the trial, of its being a gift; for a gift is not consummate and perfect, until a delivery of the thing promised; and until then the party may revoke his promise. A parol promise to pay money, as a gift, is no more a ground of action, than a promise to deliver a chattel, as a gift. It is the delivery which makes the gift valid. *Donatio perficitur possessione accipientis.* (*Noble* v. *Smith*, 2 *Johns. Rep.* 52.) The question then was upon the delivery and consideration of the note; for if there was no consideration for the note, it was a *nude pact,* and void as between the original parties to it. This is the true point in issue, and without giving any opinion upon it, to the prejudice of a future inquiry, a new trial is awarded, with costs to abide the event of the suit.