Martin, J.
delivered the opinion of the court. The plaintiff sues on a promissory note of the defendant, endorsed by Bartlet & Cox.
Nathaniel Cox, surviving partner of that firm, in a petition of intervention, stated, that the note was not endorsed by himself nor his partner to the plaintiff, but was deposited in the joint names of the plaintiff and the firm, in bank, subject to their joint order, with the blank endorsement of the firm, to meet the payment of a draft endorsed by the firm, in case it should be returned duly protested for non-payment, and regular, notice given them: that the bill was returned unpaid, but without any regular notice or protest, whereby the firm was discharged from any liability. Yet the plaintiff, without the knowledge or consent of this intervening party, obtained possession of the note and instituted a suit thereon against its maker, as agent of the holders of the bill, and afterwards an agreement was entered into between the plaintiff and the intervening party, by which the plaintiff promised to discontinue the suit instituted on the note, and institute another against the intervening party, in order to try the question *731 of his liability as endorser of the bill, and to restore the note, if judgment was not had on the bill, and such a suit having been accordingly brought on the bill, the said Morgan caused it to be discontinued and the present suit brought on the note. The petition concluded with a payer that the intervening party might be admitted as plaintiff, the petition of the present plaintiff dismissed and judgment given against the defendant, in favour of the intervening party.
The district court gave judgment, “the law and evidence being in favour of the plaintiff (Morgan)” and, the intervening party having failed to prove his allegations, that the former recover from the defendant the amount of the bill with costs and interest, and after deducting the amount of the bill, damages and interest, that he pay the balance to the intervening party: by whom and the defendant the costs were equally to be borne.
The intervening party alone appealed.
The statement of facts refers to the depositions taken in the district court, and written documents.
The plaintiff objected to the introduction of any parol evidence to change or vary the condition of the written assignment of the note: the objection being overruled, a bill of exceptions was taken.
*732 The intervening party offered evidence that the endorsement of the firm, on the back of the note, was originally a blank one, and was filled up with an order to pay especially to the plaintiff, since the transfer, and at a time different from that expressed. This was objected to as useless, the holder having a right to fill up a blank endorsement and the objection sustained. The counsel were distinctly told by the court that, if they had evidence that the note was delivered to the plaintiff’s agent, for a special use and a different one had been made of it, the endorsement would not stand in the way. A bill of exceptions was taken.
The documents, which come up from the district court, shew that the bill, endorsed by Bartlet & Cox, was duly protested on the 1st of October 1816, for non-acceptance, and due notice given to them, by the plaintiff, who was the agent of the holders of the bill, and a written demand of security for the payment of the bill, at maturity, made on the 22d of October, and on the same day they made a written offer of the note on which the present suit is brought, provided it was deposited in bank in the joint names of the plaintiff and the firm; which offer was accepted by a note of the plaintiff on the 24th of October. The draft, which
*733 was payable sixty days after sight, was protested for non-payment on the 4th of December 1816, and immediate notice given to Bartlet & Cox. By a note of the intervening party to the plaintiff, which is without a date, the former informed the latter, that, having reason to believe that the bill was paid and disliking that the note should be protested, he desired to have it withdrawn from the bank. By a written agreement, subscribed by the counsel of the present plaintiff, acting for the holders of the bill and of Bartlet & Cox, it was agreed that a suit should be brought against them, as endorsers of the bill, to try the question of their liability, on its merits, and the suit brought upon the note dismissed: the plaintiff retaining the note until the termination of the suit. Such a suit was accordingly brought, was afterwards discontinued and the present suit instituted.
The parol testimony shews that due notice was given to Bartlet & Cox, of the protest of the note for non-acceptance and non-payment.
Two witnesses, introduced by the intervening party, depose that the note, on which the present suit is brought, was given as collateral security for the payment of the bill at maturity, in case it was duly protested for non-payment, and legal notice *734 given to the endorsers, Bartlet & Cox. One of these witnesses is one of the drawers of the bill, and the other appear to be a clerk of the endorsers. A witness introduced by the plaintiff, his own clerk and the person who acted for him in this business, swears that nothing was said about the protest for non-payment.
The case has been submitted to us without any argument.
The only inquiry, in the determination of this case, is whether the contingency, on which the blank endorsement of Bartlet & Cox vested the plaintiff with the right of receiving or demanding the amount of the note, has happened.
According to the written documents to wit, the letter of Bartlet & Cox in answer to that of Morgan, demanding security, in which they offer the note on which the present suit is brought, without mentioning any thing as to the protest of this bill for non-payment, and the written acceptance of this offer, this contingency has happened, since the bill, the payment of which the note was intended to secure was not paid at its maturity by the drawee, and has not since been paid by any of the makers or endorsers. But, it is contended, that this contingency has not happened: because the bill was *735 protested for non-payment one day two late, to wit: on the day following the last day of grace, in other words that no regular protest was made.
Placing the case in the point of view most favourable to the appellant, by a waver of the consideration of the admissibility of parol evidence: altho’ there are two witnesses who swear that a protest for non-payment was made a condition of the pledge of the note, and one only that no such condition was spoken of, the written proposition of the appellant and the written acceptance of the appellee must make the testimony of this witness to preponderate, especially if we consider that this protest was of no importance to any of the parties.
The bill having been protested for non-acceptance, the holders might insist on the immediate payment of it by the drawers and endorsers, and might instantly have comenced their action against them, Chitty an bills, 169, without waiting for the expiration of the sixty days, and their right could not be impaired by the neglect of a protest on the last of the days of grace. 3 East, 481, 4 Esp. R. 268, 2, Bos. and Pull. 83, n. a. Douglas, 54, Bull. n. p. 269, 3 Johnson, 202, 3 Mass. Rep. 357, 1 Day, 11..
In Wilson & al. vs. Buck & al. a bill having *736 been protested for non-acceptance, and due notice given, was not presented for payment, till some days after the days of grace were expired, yet judgment was given against the endorser; the court holding that the plaintiff’s right of suing on the protest for non-acceptance was not merely inchoate, but complete and prefect. 4 Johnson, 144, 3 id. 205, in notis.
Brent for the plaintiff, Porter for the intervening party.
It does not appear to us that the district judge erred in refusing to receive evidence of the time at which the blank endorsement was filled up.
We do not examine whether he erred or not in giving judgment for the whole amount of the note in favour of the plaintiff, directing him to pay the overplus, if any to the intervening party, instead of ascertaining the amount due to the former, giving him judgment therefor, and judgment for the balance in favour of the intervening party; because, on calculation, we find that there will be no such balance.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.