Nott, J.
There is no principle of law more familiar to the profession, than that parol proof cannot be admitted to add to, alter, or contradict a written agreement. But it has been so much broken in upon by various decisions, both in law and equity, that the rale itself appears almost to be lost *470 in the various qualifications and exceptions which have been made to it.
Phillips has collected a great variety of cases on the snbject. But it does not appear to me that he has advanced far towards removing the difficulty. He has however rendered one important service to the profession, in bringing the cases together by which those who are disposed to investigate the subject, are directed where to go for information. He says (p. 353-4,) it does not appear from any reported case, that the plaintiff has been allowed to give parol evidence varying a written agreement, on the ground of mistake or sur~ prise. Yet he says, (in p. 458-9,) mistakes, and misapprehensions in the drawers of deeds or written agreements, are a subject of relief in courts of equity, and may be rectified according to the true intention of the parties. The leading cases referred to, are Joynes vs. Statham, 3 Atkins, 388. Clinan vs. Cooke, 1 Schoales & Lefroy, 22. The Marquis of Townsend vs. Stangroom, 6 Ves. 328; and Woollam vs. Hearn 7 Ves. 28. Baker vs. Payne, 1 Ves. 456; and 6. Ves. jr. 336, in note. In the first case, Joynes vs. Statham, lord Hard-wicke received parol evidence to correct an omission in a lease, and he then said it was immaterial whether it was insisted on as a mistake or fraud.
Lord Redesdale, however, in the case of Clinan vs. Cooke, (1 Schoales & Lefroy 22.) notices this case, and adds: “ there is a prior case, Walker vs. Walker, 2, Atkins 98, where lord Hardwicke, is made to say something similar; and there seems to be somewhat of a floating idea in the mind of his lordship, that, by possibility, a case might be made, in which even a plaintiff might be permitted to shew an omission in a written agreement, either by mistake or fraud.” “However, (says his lordshipJ “ Í can find no decision except the contrary way.” In the case of the Marquis of Townsend vs. Stangroom, lord Eldon again reviews all those cases, and concludes with saying, “ I agree, that those producing evidence of mistake or surprise; either to rectify an agreement, *471 or calling upon the court to refuse a specific performance, undertake a great difficulty; but it does not follow, that it is therefore incompetent to prove the actual existence of it by evidence.”
In the case of Woollam vs. Hearn, 7 Vesey,jr. 218, the Master of the Rolls, Sir W. Grant, referingto all the foregoing authorities, says: “ by the rule of law, independent of the statute, parol evidence cannot be admitted to contradict a written agreement. To admit it for the purpose of proving that the written agreement does not contain the real agreement would be the same as admitting it for every purpose. It was for the purpose of shutting out that inquiry, that the rule of law was adopted. Though the written instrument does not contain the terms, it must, in contemplation of law, be taken to contain the agreement, as furnishing better evidence than any parol can supply. There, says this learned lawyer, stands the rule of law.” He then proceeds to consider the subject as applicable to the courts of equity, and lays down the rule, that parol proof is never to be admitted to correct a mistake in favour of the plaintiff seeking the specific performance ofan agreement. He admits however, that such evidence ought to be admitted to prevent the specific execution of a contract. Judge Kent, in the case of Kiesselbrack vs. Livingston, (4 Johnson’s Chancery, 146,) says he is not sufficiently instructed to admit the soundness of that distinction, and seems to think that there is no distinction in that respect between plaintiff and defendant. He lays it down in the same case, as understood and settled, that the court has jurisdiction to correct such mistake; and in various other cases speaks of it as a settled rule, that the correcting of a mistake is as well a ground for letting in parol proof as that of fraud. (Stevens vs. Cooper, 1 Johnsons C. 429. Botsford vs. Burr, 2 Do. 415.) All these cases are to be sure from the court of equitj'. But it seems to be very well settled that the rules of evidence are the same in law as in equity, except in some particular cases where parol evidence is letin merely with a view of affording the *472 court of equity the means to exercise its peculiar jurisdictioLV But if such proof cannot be admitted in equity a fortiori it ought not to be admitted at law.
But Judge Swift, in his Treatise on Evidence, I think, has taken the best view of the subject. After laying down, the general rule on the subject, he undertakes to reducé the exceptions to something like principle. One of his rules is that, “ where there has been a mistake in fact, parol evidence may be admitted to rectify it.” As where a testator by mistake inserts the name of A, instead of B, in a legacy or devise. (6 Term Rep. 671. 2 P. Williams 141.) Where a bill of exchange was drawn on Josiak Raymond, when Joshua Raymond was intended, parol evidence was admitted to shew the mistake. (1 Day 11.) So to shew that a receipt purporting to be in discharge of a note, dated 3rd of May, was intended for a note dated the fifth of May. And in the case of Nevison vs. Whitley, (Cro. Car. 501,) it was permitted to be shewn by parol evidence that a bond for one hundred pounds, with a condition to pay fifty eight pounds at the end of six months, was intended to be made payable at the end of the year, and that six months was inserted by mistake of the scrivener. (Swifts Ev. 39.) From these cases it will appear that the rule applies as well to cases of mistake as fraud, and' that it is the same both in law and equity. In the case of •M‘ Creary and Jaggars, decided in this court at the last Spring term, it was held that parol evidence might be admitted to shew that a note which had been given in pursuance of an award had been given for too much, in consequence of a mistake in the arbitrators which they themselves had after* wards discovered.
Now what are the facts in the case before us. The pre* siding judge reports that the defendant offered evidence to shew that the note in question had been given for the balance due on a settlement of sundry accounts. The object of offering the evidence does not appear. It was nothing more then, than evidence of the consideration, which we hawe always ad- *473 knitted. Indeed we have admitted evidence to show that a note purporting to he for value received was given without anj'consideration, (Bremar & Singleton, State Reports, 201.7 Johns. 26. Do. 224. It is stated by the counsel, that the object of the parol proof was to shew that the note in question was given as a substitute for two other notes which were then given up, and that by the production of those notes and the calculations appearing in figures, it would shew that a mistake had been made in the amount. If that is a true statement of the facts, then the parol evidence was not for the purpose of contradicting the written agreement, but merely to shew the consideration, to let in written evidence or memo-randa by which the mistake might be rectified. I think therefore that upon cither ground the testimony ought to have been admitted. Whether it would have been sufficient to establish the fact against the written contract is a distinct question. 1 think the motion ought to be granted,
P.-Farrow for the motion. (a.)
Irby contra.