## Case No. 8,700.

### McCLINTICK v. JOHNSTON et al.

[1 McLean. 414.] [1]

Circuit Court, D. Indiana. May Term, 1839.

PRACTICE AT LAW—INDIANA—AFFIDAVIT TO PLEA—NOTES—FRAUD IN EXECUTION—ASSIGNMENT—CONSIDERATION—DURESS—ISSUE.

1. Under the statute of Indiana which requires a plea that denies the execution of the instrument on which the action is brought, to be sworn to, if the plea be filed without oath. it admits the instrument; but is good for all other legitimate purposes.

[Cited in Magee v. Sanderson, 10 Ind. 263.]

2. A plea of fraud in the execution of the instrument need not state the facts which constitute the fraud.

[Cited in Brickill v. City of Hartford, 57 Fed. 218.]

3. The assignment of a negotiable note, as well as the note itself, purports a consideration.

[Cited in Smith v. Bainbridge, 6 Blackf. 12.]

4. The plea of duress, by the maker of the note, as against the assignee, is bad, unless there be an averment of notice to the defendant.

5. To a plea that the note was given and the assignment made without consideration, the plaintiff should take issue on the want of consideration of the note or of the assignment, and not on both.

6. Where such issue is made, as the note and also the assignment purport a consideration, the proof of want of consideration devolves, in the first instance, on the defendant.

[Cited in Yeatman v. Cullen, 51 Blackf. 247.]

7. An issue must be single, though it may embrace several facts.

1 [Reported by Hon. John McLean, Circuit Justice.]

8. An issue is formed, generally, of an affirmation and denial; and not of two negatives.

[This was an action at law by John McClintick against Imley D. Johnston and David Cummins. Heard on demurrer.]

Mr. Stevens, for plaintiff.
Mr. Bright, for defendants.

OPINION OF THE COURT. This action is brought on the following promissory note: "$715 08. Madison, Indiana, Aug. 28th, 1837. Nine months after date, we jointly and severally promise to pay at the Branch of the State Bank of Indiana, at Madison, to Riley & Van Amaringe, merchants of Philadelphia, or to their order, seven hundred and fifteen dollars and eight cents, without defalcation, for value received. I. D. Johnston. David Cummins." Indorsed: "For value received, pay the within to John McClintick. Riley & Van Amaringe."

The defendant filed the following pleas: 1. Non assumpsit. 2. "That at the time of making the said supposed note, &c. the said Imley D. Johnston was unlawfully imprisoned by said Riley & Van Amaringe, and others in collusion with them, and then and there detained in prison until the force and duress of imprisonment of him said Johnston. and to obtain the liberation of him said Johnston from such imprisonment, he said Johnston, together with said David Cummins, as his surety, made said note," &c. 3. That said supposed note was made and delivered to said Riley & Van Amaringe without any consideration whatsoever for so doing: and the same was indorsed over by said Riley & Van Amaringe to said plaintiff without any consideration whatsoever, and with full notice to said plaintiff that the same had been made by said defendants without consideration. 4. That said note was obtained from them by fraud, covin, and misrepresentation. 5. That said defendant, Johnston, who is impleaded with the said David Cummins, says he did not undertake and promise in manner and form as said plaintiff has alleged. To the 1, 2, 4, and 5 pleas the plaintiff has filed demurrers, and assigned the following causes of demurrer to the 4th plea: 1. The said 4th plea is double, containing two substantive bars to said action, if the matters pleaded are pleadable in bar; that is to say, 1. Fraud, covin, and false representation, and 2. That the said note declared on was made without any consideration whatever. 2. Fraud, covin, and false representation, cannot be pleaded without setting out the particular facts that constitute the fraud, covin, and false representation, so far as relates to the consideration, but only to the making of the instrument declared on. And in answer to the third plea, the plaintiff filed the following replication: That the defendant ought not, &c. because he saith that said note was not made and delivered to said Riley and Van Amaringe without any consideration whatever, and that the

same was not indorsed over by said Riley and Van Amaringe to said plaintiffs without any consideration whatever, and that said plaintiff had not any notice that said note had been made by said defendants without any consideration. To this replication the defendant filed a demurrer, and for cause of demurrer states that said replication is double, &c. And a joinder to the demurrers to the 1, 2, 4, and 5th pleas is filed.

The first question raised by these pleadings, is, whether the plea of non-assumpsit can be filed in this action. It is contended by the plaintiff's counsel that it cannot be pleaded, 1. to a bill of exchange, and 2. that it cannot be pleaded against an indorser. Upon general principles there can exist no doubt that the drawer or acceptor of a bill may put in this plea. It denies the execution of the instrument, and requires the plaintiff to prove it. But it is insisted that under the twenty-first section of the "act to regulate the practice in suits of law" in this state, the plea unless sworn to, cannot have this effect, and that in this case it can be pleaded for no other purpose. The act provides that "no plea in abatement, plea of non est factum, non-assignment, nor any other plea, replication or other pleadings, denying or requiring proof of the execution or assignment of any bond, bill, release, or other instrument of writing, &c. shall be received, unless supported by oath or affirmation." This statute having been passed subsequent to the enactment of the process act of 1828 [4 Stat. 278] by congress, can have no force to regulate the practice of this court, unless the court adopt it as a rule of practice. If not sworn to, the plea does not put the plaintiff to the proof of the instrument; but, no reason is perceived why the plea should not be held good for every other legitimate purpose, though filed without affidavit. Under it the defendant may give payment in evidence, accord and satisfaction, &c., and to let in these defences the plea is not required to be sworn to. And if it may be used for this purpose, without affidavit, the demurrer cannot be sustained. We think the plea admits the execution of the note and the assignment, on which the action is brought, not being sworn to, but that it is good for other purposes, and that the demurrer must be overruled.

The demurrer to the second plea raises the question whether the duress of Johnston can be jointly pleaded with his co-defendants. However this may be, there is a conclusive objection to this plea. This suit is brought by the endorsee of the note, and the plea does in no way by notice or otherwise connect him with the duress so as to affect the validity of the note in his hands. We are clear, therefore, that the plea is bad, and the demurrer to it is sustained. The fourth plea to which there is a demurrer, alleges that the note was obtained by fraud, covin and misrepresentation. The additional allegation in this plea, that the note was given without consideration, has been struck out, and this removes one of the causes of demurrer specially assigned, to this plea. And the only objection to the plea as it now stands is, that fraud, covin and misrepresentation cannot be pleaded on these general grounds. From the remarks of the counsel this plea was principally objected to, as presenting two distinct grounds of defence: fraud and want of consideration. But the plea having been amended, it is unnecessary to consider this objection.

Fraud may be given in evidence in this case under the general issue, but the plea is not demurrable on that ground. The defence it sets up is not a matter of fact which amounts to a denial of the allegation which the plaintiff is bound to prove in support of his declaration. It would seem to follow, if fraud may be given in evidence in this case, under the general issue, that the plea is not objectionable on account of its generality. 1 Chit. Pl. (Ed. 1839) 570; 9 Coke, 110; 2 Maule & S. 378. But it contains no averment that the indorsee participated in the fraud, or had any knowledge of it. In this respect the plea is fatally defective. In the case of Bramah v. Roberts, 27 E. C. L. 724, the chief justice says: "The third plea in this case which is pleaded to an action brought by the indorsees against the acceptors of a bill of exchange is in effect no more than this, that the defendants were defrauded of the bill of exchange, and that the acceptance was given by them without consideration. Now, inasmuch as the indorsee of a bill of exchange, is by law, prima facie, assumed to hold it for consideration, inasmuch as we are not to presume a notice which would make him a fraudulent agent in taking a bill of exchange, and, inasmuch as this plea is silent upon the subject of want of consideration on the part of the indorsees, or of notice of fraud, we are to ask ourselves, whether, upon the transfer of a bill of exchange the circumstance of the acceptor having been defrauded at the time when he gave the acceptance, is an answer against an innocent indorsee for a valuable consideration without notice. It seems to me that it is not a sufficient answer." The demurrer to this plea must be sustained.

In the fifth plea, Johnston pleads non assumpsit, having previously filed the same plea in connection with his co-defendant. This is clearly irregular, and this plea would have been struck out on motion. A defendant cannot encumber the record by a repetition of the same pleas, which can in no respect change the nature of his defence.

We come now to consider the demurrer to the replication to the third plea. This plea averred a want of consideration in the note, and that the indorsee had full notice of it, and that it was assigned without consideration. To this the plaintiff replies that the note was not given without consideration, that it was not assigned without consideration, and

that he had no notice. The defendant demurs to this replication. He alleges it is double and therefore bad. This pleading is in accordance with the rules lately adopted in England. The plea of non assumpsit on bills and notes, and in the action of assumpsit generally, is abolished, and all matters in evidence are required to be specially pleaded by these rules. If this shall produce some perplexity in pleading and no little awkwardness in requiring a party to plead negatively, yet it will give greater point and certainty to the controversy in actions of assumpsit.

Until very recently it is believed not to have been doubted, that the endorsement of a negotiable instrument was prima facie evidence of a consideration. This is the doctrine laid down by Mr. Chitty and other writers on bills of exchange and promissory notes. And the doctrine is abundantly sustained by numerous adjudications. Chit. Bills (Ed. 1839) 79; Philliskirk v. Pluckwell, 2 Maule & S. 395; 1 Black. 445; 1 Salk. 25; 2 Ld. Raym. 760; 2 Bl. Comm. 446; Selw. N. P. (4th Ed.) 304. But in a late case in the exchequer where the plea alleged that the defendant accepted without consideration, and that the plaintiff (the indorsee) was a holder without consideration, the latter allegation being denied by the replication, which admitted the former; Lord Abinger is represented to have questioned the principle, that the indorsement imported a consideration. And he seems to have expressed surprise that doubts were entertained on the subject. The view of his lordship seems to have been very much influenced by the practice of the London bankers, who receive indorsed bills for collection. If an indorsement on a bill should be held not to import a consideration, it must shake the credit of commercial paper and produce injurious consequences on commercial transactions. And we think the principle has been too long and too beneficially settled to be now questioned.

If it be made to appear that the assignment was without consideration, then the drawer or acceptor of the bill may set up any defence to the bill which he might have done before it was negotiated. For in the language of Mr. Chitty, in such a case the indorser is in privity with the first holder, and will be affected by every thing which would affect him. The title of the plaintiff not being founded on a consideration, he shall not be permitted to enforce it against good faith and conscience. Pearson v. Pearson, 7 Johns. 26; Smith v. Ware, 13 Johns. 259; Ten Eyck v. Vanderpoel, 8 Johns. 93; Denniston v. Bacon, 10 Johns. 198, 199; Bayley v. Taber, 6 Mass. 451; Slade v. Halsted, 7 Cow. 322; Lawrence v. Stonington Bank, 6 Conn. 521; Hill v. Buckminster, 5 Pick. 391. In this case the defendant avers a want of consideration both in the making and assignment of the note. And the plaintiff answers that the note and the assignment were not made without consideration. To this the defendant demurs, and alleges that the replication is multifarious, in traversing the want of consideration of the note and of the assignment; that the issue should be joined on one of these allegations, which would admit the truth of the other. The same principle would seem to apply to this case as to pleas of accord and satisfaction and of arbitrament and award. Mr. Chitty says that the replication to a plea of accord and satisfaction may either deny the delivery of the chattel in satisfaction, or protesting against that fact, may deny the acceptance. And he observes if an award be pleaded, the plaintiff may either deny the submission or the award; but it appears he may not deny both the submission and the award. And yet it is essential to the defence that the allegations of the plea should extend to both these facts; and a denial of the award admits the submission. The precedents are in conformity with this rule.

Now in the present case the averment of want of consideration in making the note and also the assignment was essential to the defence set up; and yet it would seem that the plaintiff must take issue on the one allegation or the other, and that he cannot traverse both. This narrows the plaintiff's right to one of the grounds taken in the defence, both of which were essential to the sufficiency of the plea. But the same thing may be said of the replication to a plea of arbitrament and award. To make that plea good, both the submission and the award must be alleged; but the plaintiff must limit his answer to the denial of one or the other. In the case of Bramah v. Roberts, 27 E. C. L. 724, the second plea alleged that the defendants, the acceptors, had been defrauded of the acceptance; that notice of the fraud was given to the plaintiffs, and that they received the bill by indorsement, without a full and valuable consideration. The replication took issue on the consideration of the assignment. And in the case in the exchequer above referred to, the issue was made up in the same way. An issue consists of a single, certain and material point. But this point may embrace several facts if they be dependent and connected, and go to establish the main point of the plea.

Now the facts alleged in the plea, in this case, are distinct and independent of each other. The facts which go to show a want of consideration in the note, are in no way connected with the consideration of the assignment. No two facts could be more disconnected than the making of the note and the assignment of it, and the consideration on which these acts were done. In the case of Webb v. Weatherby, 27 E. C. L. 738, the defendant pleaded that he paid and the plaintiff received a full satisfaction of the said promise, &c. a certain sum. The plaintiff replied, that the defendant did not pay the said sum in full satisfaction and discharge

of the promise, nor was the said sum accepted in full discharge, &c. It was contended that in an action for damages it may well be stated that the defendant has paid something, and yet the plaintiff has not accepted it in satisfaction of his entire demand, or vice versa. It is necessary, therefore, in such an action, for the defendant to aver acceptance in satisfaction as well as payment. 1 Strange, 573; 3 East, 256. And both the payment and acceptance being material allegations, the plaintiff ought to elect on which of them he will tender an issue. But Tindal, C. J., said, this is not a plea of accord and satisfaction, but of a payment received in satisfaction of the plaintiff's demand; the receipt in satisfaction virtually implies that the payment was made in satisfaction; and I cannot see how the defendant is injured by the plaintiff's taking issue on the entire allegation. In that case the replication was held to be good, on the ground that the receipt of the money in satisfaction, virtually, included the payment of it in satisfaction. The payment and the receipt in satisfaction were connected, and might be included in the same allegation. The plea would have been good, however, had it alleged only the receipt of the money in satisfaction. But there is no such connection and dependence, in the distinct grounds alleged in the plea under consideration. There is another objection to this replication which it may be well to suggest, although the special causes of demurrer do not embrace it, and our opinion is formed on the ground above stated. The replication states in answer to the plea, that the note and the assignment were not made without consideration. This answer is negative, and it seems to us it should be in the positive. Mr. Chitty says (1 Chit. Pl. 629), that an issue should in general be upon an affirmative and a negative, and not upon two affirmatives, &c., nor should the issue be on two negatives: thus, "if the defendant plead that he requested the plaintiff to deliver an abstract of his title, but that the plaintiff did not when so requested, deliver such abstract, but neglected and refused so to do; the plaintiff cannot reply that he did not neglect and refuse to deliver such abstract; but should reply either denying the request, or affirmatively, that he did deliver the abstract."

The pleas in the cases above referred to were all drawn affirmatively, that the note was given and the assignment made for a good and valuable consideration. This averment will not throw the proof of the consideration on the plaintiff, beyond that which the execution of the note and of the assignment import. He may introduce evidence to rebut that given by the defendant, going to show a want of consideration. Upon the whole we think the demurrer of the defendant must be sustained to the replication to the third plea; and that the demurrer of the plaintiff to the second, fourth, and fifth pleas, must be sustained, and the one to the first plea overruled.

[NOTE. This case was subsequently heard upon the question of valuable consideration as raised by the notice annexed by defendant to his plea of the general issue. Case No. 8,698. It was again and finally heard by the court (a jury being waived) upon its merits. Case No. 8,699.]