Loomis v. Cline.

SAME TERM. . *Before the same Justices.*

LOOMIS *vs.* CLINE and COWLES.

Promissory notes, given for the purpose of compounding a felony, are void in the hands of the payee, or of a holder having notice; and a court of equity has power to decree them to be delivered up to the maker, to be cancelled.

A father has no authority, arising from his paternal relation alone, to commence a suit in behalf of his daughter, for an assault and battery committed upon her. And he can neither release nor compromise her right of action for a personal injury. *Per* MOREHOUSE, J.

Where promissory notes are given to a person for the purpose of compounding a felony alleged to have been committed upon his daughter, and the maker subsequently files a bill against the father to have the notes delivered up and cancelled, on the ground of their having been given upon an illegal consideration, the daughter is not a necessary party.

IN EQUITY. The bill in this cause was originally filed in the court of chancery, to procure the cancellation of certain notes charged to have been given to John Cline, upon the illegal consideration that the complainant should not be prosecuted for an assault and battery with an intent to commit a rape upon the person of Patty Ann Cline, the daughter of the defendant

John Cline, of which felony the complainant was accused. Most of the evidence was taken before an examiner, and the residue at a special term of this court, before Justice Mason, who heard the cause in March, 1848, and decreed that the notes in question, amounting to $900, were given upon an illegal consideration and were void, and directed them to be delivered to the complainant to be cancelled. The cause came before this court on an appeal from that decree.

*B. F. Rexford,* for the defendants.

*Balcom & Van Der Lyn,* for the complainant.

*By the Court,* MOREHOUSE, J.  From a particular examination and analysis of the evidence in this case, it is enough to say, without reviewing it here, that the justice had not only strong but satisfactory grounds for deciding that the parties intended the settlement should extend so far as to cover up and prevent a criminal prosecution; or in other words, the compounding of a felony. The disavowal of such intention during the negotiation, by Cline and his attorney, were accompanied with imposing assurances that such a result would follow the settlement of what was called Cline's private damages. Those damages could not have been considerable. He could have recovered nothing for the personal injury to his daughter. His damages were to be measured by expenses actually incurred, and the loss of her services in consequence of the injury, if any. Whatever there might have been of malice, and wantonness, and cruelty in the assault and battery, calling for exemplary damages, belonged to the daughter, whose person and feelings had been wounded and outraged. The amount demanded was $1000, and the chaffering of the complainant failed to reduce it a farthing. Notes to that amount were given; the attorney retaining one of one hundred dollars, as a reasonable brokerage for bringing the parties together and advising them that they could not legally settle the only matter which they really intended to compromise. The complainant was forewarned that

a court was in session, that preparations had been made for the morrow to take the daughter before a grand jury, and that no next day after the present would come when negotiations might be resumed. The alternative was, now or never. If this was true, the fact that no complaint was ever made goes far to show that Cline understood, as a condition of the agreement, that there was to be no criminal prosecution. If it was false, it was a fraud upon the complainant; and his assent, under the fear of prosecution and imprisonment, was not of that voluntary character which gives life and efficacy to the form of a contract. Cowles, in his answer, alleges that Cline was about to bring a suit for the benefit and in the name of the daughter, for private damages. Cline is less explicit, and his answer, by design or accident, would apply as well to a claim preferred for his as for her damages, or include both, as occasion might require. The evidence, in connection with the receipt given at the settlement, is that it was for the private damages of the defendant Cline. From his paternal relation alone he had no authority to commence a suit for her. He could neither release nor compromise it; and if she had a right of action it remains unaffected by that agreement. (*Macpherson on Infants*, 228. 2 *Carr. & Payne*, 578. 15 *Wend.* 635.) If the father acted as her agent, then she is chargeable with notice of the consideration of the notes. As a gift her title cannot be upheld. It was not consummate and perfect. The defendant Cline claims in his answer that he has some interest in, and claim to, all of said notes; and he asserts a co-ordinate authority with Cowles in their disposition and the investment of the proceeds for the benefit of the daughter. (7 *John.* 26. 2 *Id.* 52. 12 *Id.* 188.)

The statute prohibiting the compounding of felonies, does not expressly make an instrument creating an obligation to pay money upon such a consideration void in the hands of every holder; and a *bona fide* holder for value, without notice, would for commercial reasons applicable to negotiable instruments, hold it unaffected by its original turpitude and illegality. In no legitimate sense of the term is Cowles a *bona fide* holder of these notes. And the only material question in the case is

Loomis *v.* Cline.

whether Patty Ann Cline was and is a necessary party. The general rule is that all persons concerned in the demand, or who may be affected by the relief prayed for, ought to be parties, if within the jurisdiction of the court. The aim is to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation. (*Mitford*, 39, 144.) The general rule is that a cestui que trust, as well as the trustee, must be a party; but one of the exceptions is that when the complainant claims in opposition to the assignment or deed of trust, and seeks to set it aside on the ground that it is fraudulent and void, he is at liberty to proceed against the fraudulent assignee or trustee who is the holder of the legal estate in the property; without joining the *cestui que trust*. (*Rogers* v. *Rogers*, 3 *Paige*, 379.) Nothing was left undone on the part of the zealous and faithful trustee which could have been done for or by her as a party. I think she had not acquired any legal interest in the notes.

The objection that Irwin was an incompetent witness to testify to what Foote told him after the settlement, as having occurred between the parties on the settlement, upon the ground that what an attorney tells his student is privileged, is wholly untenable. Cowles is a volunteer in taking part in this litigation. In confidence of assertion and boldness of defiance the answer of his co-defendant is a laggard compared with his.

The decree of Justice Mason affirmed with costs.