·JAMES EARL, Appellant, *v.* DERRICK CLUTE, Jr., Respondent.

It is not competent to prove, for the purpose of establishing the fact, that a chattel mortgage was executed as security for a note given to compound a felony, that one of the assignors of the mortgage, said before the assignment thereof, that he knew the mortgage was given to settle and drop a criminal prosecution.

THIS is an appeal from a judgment affirming a judgment entered against the appellant, and in favor of the respondent, in an action brought by the plaintiff against the defendant to recover the possession of certain personal property, viz. one gray horse. The action came on for trial at the Saratoga circuit, on the 21st day of September, 1858, before Justice ROSEKRANS and a jury. The plaintiff proved that he owned the horse in question in September, 1856 ; and that he remained in his possession until about January 29th, 1857, when he was taken away by Thomas J. Clute, and delivered to the defendant. That on or about March 6th, 1858, the plaintiff caused the said horse to be demanded of the defendant; but the defendant refused to give him up. The property was taken from the defendant and delivered to · the plaintiff on that day by virtue of proceedings in that action. The value of the property was admitted to be $90. The plaintiff then rested. The defendant's evidence went to prove that he was the owner of said property, and had acquired the same by purchase from Thomas J. Clute about February 20, 1857, and that Thomas J. Clute had acquired the right to the horse by virtue of a chattel mortgage executed on the part of the plaintiff to one Close, Degraff and Van Hyning, who had for value assigned the same to Clute.

In regard to this mortgage the plaintiff claimed that it was void as given by plaintiff and his son James Emmett Earl to compound a felony, to wit: a complaint for perjury made by one McCarty, a defendant in a suit tried before a justice, in which the son, J. E. Earl, had testified falsely against him. The mortgage was in fact given as a collateral security for a note which the mortgagees had signed for Earl

and his son, and as this note was given to McCarty and for the amount of the judgment which was obtained against McCarty, it was claimed that there was evidence to go to the jury that the object of the mortgage was to hush up the charge of perjury against the son. But there was no direct evidence that it was given for such purpose, and the mortgagees denied it, and the evidence was decisive in their favor.

The plaintiff offered to prove by William B. Harris, that Fellows, who held another mortgage on the property, stated to Van Hyning before the assignment of the mortgage to Clute, that he, Fellows, had a mortgage upon the horse in question, and asked Van Hyning if he did not know that the mortgage in question was given to settle and drop that criminal prosecution against Emmett. To which Van Hyning replied, he did. The evidence was objected to on the part of the defendant's counsel as not competent in this action, it being hearsay evidence. The objection was sustained by the court, and evidence excluded, to which the plaintiff's counsel excepted.

The plaintiff showed by Gideon Close, who was sworn on the part of the plaintiff, that prior to the execution of the mortgage in question, the plaintiff stated to said witness that the consideration for which the mortgage was to be given was not to be used or given to settle or drop the criminal prosecution, but to pay back a judgment obtained against McCarty, which he, plaintiff, assigned to Fellows. That Close communicated the statements made by plaintiff to him, to Degraff and Van Hyning, who, together with the witness, gave their note and money for the mortgage in question. The plaintiff then rested.

The defendant moved for a nonsuit on the ground that the evidence was insufficient to warrant a verdict for the plaintiff. The plaintiff asked to submit the questions of fact to the jury, but the court refused, and granted the motion for a nonsuit, to which refusal and decision the plaintiff duly excepted. Judgment of nonsuit was thereupon entered, and, on appeal to the general term, affirmed. From the latter judgment the plaintiff appealed to this court.

*John K. Porter*, for the plaintiff (appellant).

*T. J. Clute*, for the defendant (respondent).

HOGEBOOM, J.   The plaintiff offered to prove by William B. Harris, that one Fellows stated to Van Hyning (one of the mortgagees) before the assignment of the mortgage to Clute, that he had a mortgage upon the property in question, and asked Van Hyning if he did not know that the mortgage in question was given to settle and drop the criminal prosecution against James Emmett Earl; to which he replied he did.   This evidence was objected to by defendant's counsel as not competent in this action, and the objection was sustained by the court, and the evidence excluded.   To which the plaintiff's counsel duly excepted. This exception is not well taken.   In the first place, it was not material to this issue, whether Fellows had a mortgage upon the property in question, and as this evidence was properly excluded, the whole exception, being general, must fail. Again, as to the residue of the evidence, the offer was to show an *admission* by one of the mortgagees; that before he had made the assignment to Clute, not before he took the mortgage, he knew it was given to settle a criminal prosecution. Knowledge acquired at so late a period could not invalidate the mortgage.   Besides, Van Hyning himself was a competent witness, and his admissions improper testimony.   The true question was, whether the mortgage was *in fact* given for an illegal consideration; not whether he had said so. (*Paige* v. *Cagwin*, 7 Hill, 361.)

The motion for a nonsuit was also properly disposed of. There was no sufficient evidence that there was any agreement to compound a felony; still less, that the mortgage was the result of such an agreement to compound a felony; still less, that the mortgagees had knowledge that the note which the mortgage was given to secure, was tainted by such an illegal purpose.   All which were essential to make the mortgage invalid, even as against them.

The evidence was insufficient to warrant a verdict for the plaintiff, or to be submitted to the jury for that purpose.

The judgment of the Supreme Court should be affirmed.