NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—February, 1883.

## WHITLOCK v. WHITLOCK.

*In the matter of the estate of* ANDREW M. WHITLOCK, *deceased.*

The father of an infant has no right, as natural guardian, to receive a legacy bequeathed to the infant.

Guardianship in socage, arises only where real property vests in an infant.

The provision of the Revised Statutes (part 2, ch. 6, tit. 3, § 46), permitting an infant's legacy, " if under the value of fifty dollars," to be paid to the father, gives no authority to pay to the latter any portion of a legacy exceeding fifty dollars in amount.

Decedent, by his will, gave to his nephew, an infant, $500, which the executors paid to the legatee's father, obtaining credit for the payment by the decree on an accounting before the Surrogate, to which the in-

fant was not a party.   On attaining majority, the legatee petitioned for payment of his legacy.—

*Held*, that the executors were not discharged by the payment or decree, and must pay again.

PETITION by Andrew H. Whitlock for payment of a legacy; opposed by Andrew M. Whitlock, surviving executor of decedent's will.   The facts appear sufficiently in the opinion.

ROE & MACKLIN, *for petitioner.*

THEO. F. MILLER, *for executor.*

THE SURROGATE.—The decedent died in 1874, leaving a will wherein his nephew, the petitioner in this proceeding, was bequeathed a legacy of $500.   The petitioner, who has but recently attained his majority, asks that the executors be directed to pay this legacy.   The surviving executor alleges, by his answer, that, in 1874, such legacy was paid by the executors to the petitioner's father, and that, subsequently, after the account of the executors had been submitted to the Surrogate, credit was allowed them, in its final judicial settlement, for the payment of the legacy in question.

It is clear, however, that such decree is not binding upon this petitioner.   He was not a party to it; he was never served with a citation to attend the accounting, and he was represented thereat by no general or special guardian.   It is, also, clear that the executors did not discharge themselves from liability to this petitioner, by the payment to his father in his behalf.   The father held no letters of guardianship, and, as natural guardian, was not entitled to receive the legacy bequeathed to his son (*3 Rev. Stat.*, 7th ed., *2301, sec. 48.;* Fonda v. Van Horne,

*15 Wend., 633;* Genet v. Tallmadge, *1 Johns. Ch., 3;* Williams v. Storrs, *6 Johns. Ch., 357;* Hyde v. Stone, *7 Wend., 354;* Thomas v. Bennett, *56 Barb., 198;* Brown v. Canton, *4 Lans., 413;* Loomis v. Cline, *4 Barb., 455*).

It is urged, by the respondent, that the father was entitled to receive the bequest as guardian in socage. But the claim is untenable. It does not appear that any real estate became vested in the petitioner during his minority, a circumstance without which such guardianship could not be created (*3 Rev. Stat., 7th ed., 2162, sec. 5;* Fonda v. Van Horne, *supra;* Sylvester v. Ralston, *31 Barb., 289;* Emerson v. Spicer, *46 N. Y., 596*).

It cannot, therefore, be successfully claimed that payment was made to the father as guardian in socage, even if it be conceded that such payment would operate to discharge the executor. But such payment would not have that effect.

The Revised Statutes provide (part 2, ch. 6, tit. 3, §§ 47, 48; *3 Banks, 7th ed., 2301*) that a minor's legacy, if of the value of fifty dollars or more, may be paid, under the direction of the Surrogate, to such minor's general guardian, upon his giving security for its faithful application, and that, if there be no such guardian, or the payment of the minor's legacy be not directed by the Surrogate, such legacy shall be invested in securities for the minor's benefit, and shall be kept in the Surrogate's custody, until the minor comes of age.

The respondent erroneously claims that he is, at least, entitled to be credited with $50 under the provisions of section 46, tit. 3, ch. 6, part 2 of the Revised Statutes (*3 Banks, 7th ed., 2301*). That section declares that a minor's legacy, "if under the value of fifty dollars," may

be paid to the father; but it has no bearing upon a case like the present. It gives no authority to pay the father any portion whatever of the child's legacy, save in cases where the entire amount of such legacy is less than $50.