## VALLETT and others *vs.* PARKER.

The *want* or *illegality of consideration* of a note transferred before due cannot be shewn in an action by a *bona fide* holder without notice, except where the note is *declared void by statute*, as when given upon an *usurious* consideration, or for money lost by *gaming;* and it was accordingly *held*, in an action by such holder, that the defence could not be set up that the note was delivered as an *escrow*.

Evidence that a note was delivered as an escrow, and that it was fraudulently put in circulation, is admissible, and when the fact is shewn, the holder will be bound to prove that he came fairly by the note, and paid value for it.

A note given on the purchase of *real estate*, held *adversely*, is not void *by statute*.

Where a note is adjudged void by a court for the want, or failure, or illegality of the consideration, it is void only in the hands of the original holder, or of those who are chargeable with, or have had notice of the consideration.

In an action against a firm, on a note made by one of the partners in the partnership name, it is not incumbent on the plaintiff, in the first instance, to shew that the note was given for a partnership transaction.

Where a promissory note is stated in a declaration to have been *made by the defendants,* proof that it was made by one of a firm in the partnership name, supports the declaration.

ERROR from the Monroe common pleas. This was an action by Parker, as the *endorsee* of a promissory note made by the defendants. The declaration stated that the defendants on, &c. at, &c. made their certain note in writing, bearing date, &c. and thereby promised, &c. The plea was the general issue. On the trial of the cause the plaintiff pro-

NEW-YORK, duced the note declared on, purporting to be signed "Val-
May, 1831. lett & Andrus," and "J. N. Stebbins, (surety)." J. Vallett
Vallett and L. Andrus, two of the defendants in the cause, were part-
v. ners in trade, transacting business under the name and firm of
Parker. "Vallett & Andrus." The name of the firm was subscribed to
the note by Vallett, one of the firm. The defendants object-
ed that there was a *variance* between the proof and the dec-
laration; that the declaration described the note as made by
all the *defendants*, whereas the proof shewed it to be made by
only two of them ; and further, that the plaintiff was not en-
titled to recover against the firm of Vallett & Andrus, on a
note made by one of the firm, without shewing it was given
for a matter relating to the partnership business. The ob-
jection was overruled, and the note was read in evidence.
The defendants offered to prove that the note was not given
for any thing relating to the partnership business of Vallett
& Andrus, which evidence was objected to by the plaintiff,
and rejected by the court, unless followed up by proof that
the plaintiff purchased the note with notice of the fact offered
to be proved, or that it was transferred to him after due.
The defendants also offered to prove that the note when
made was delivered to a third person as an *escrow*, and that
he had fraudulently put it in circulation; which evidence was
also objected to, and rejected. The defendants then offered to
prove that the note was given for part of the purchase money
of the one half of the theatre at Rochester, sold and convey-
ed by the payee of the note to Vallet & Andrus by deed,
with covenant of warranty ; that at the time of such sale and
conveyance, the theatre was held *adversely* to the title of the
payee of the note, and that by reason of such adverse pos-
session, Vallett & Andrus had not been able to obtain the
possession of the theatre. This evidence was also objected
to and overruled, unless followed up by proof of notice to
the plaintiff, or of a transfer of the note after due. To all
which decisions the defendants excepted. The defendants
then called witnesses to prove notice to the plaintiff of the
facts offered as above to be proved, or that the note was
transferred after due ; but instead of succeeding in so doing,
one of their own witnesses proved that the note was bought

by the plaintiff for full consideration in the ordinary course of business before due, and without notice of the circumstances relating to it. The jury found for the plaintiff, on which verdict judgment was entered, and the defendants sued out a writ of error.

*S. Boughton,* for plaintiff in error, insisted upon the several points raised in the court below, but particularly relied upon the following : 1. That the court erred in rejecting the evidence offered to shew that the note was delivered as an *escrow,* and that it had been fraudulently put in circulation ; and 2. In rejecting the evidence that it was given on the purchase of real estate, which at the time was held adversely. In support of the first point, he argued that the *delivery* of a note was essential to its validity, and until the condition was complied with on which it was delivered as an escrow, it was as no note. As to the second point, he insisted that the note was *void* by the statute to prevent champerty and maintenance, 1 *R. L.* 173, § 8 ; and that a note void in its inception, is void even in the hands of a *bona fide* endorsee. That this case was not to be distinguished from that of a note tainted with *usury,* or given for money *lost at play,* or to prevent opposition to an *insolvent's discharge,* he cited *Chitty on Bills,* 53 ; *Lowe* v. *Waller, Douglass,* 735 ; *Bowyer* v. *Bampton, Str.* 1155 ; *Wiggins* v. *Bush,* 12 *Johns. R.* 306 ; *Payne* v. *Eden,* 3 *Caines,* 212 ; and *Yeomans* v. *Chatterton,* 9 *Johns. R.* 295.

*N. Bacon,* for defendant in error. The only effect of proving that a note is fraudulently put in circulation, is to cast on the plaintiff the burden of proving that he is a *bona fide* holder for good consideration. 13 *East,* 135. This proof the defendants themselves furnished, and thus waived the objection. 7 *Cowen,* 364. The case of *Woodhull* v. *Holmes,* cited on the other side, shews that though a note was never delivered, yet if the plaintiff be a *bona fide* holder without notice, he will be protected.

Mere *illegality* of consideration is no defence to a note in the hands of a *bona fide* endorsee, transferred before due, unless the statute which makes the consideration illegal, also

declares that the note or other security shall be *void*. *Chitty on Bills*, 81, 82. In the language of Lord Kenyon, " a contrary determination would shake paper credit to the foundation." This principle seems to be recognized in *Baker and others* v. *Arnold*, 3 *Caines*, 279. *Bowyer* v. *Bampton* was an action on a note for a *gaming* debt, and *Lowe* v. *Waller* was on a *usurious* note ; such notes are made *void by statute*. In *Wiggins* v. *Bush*, the plaintiffs were held chargeable with notice, and as holding the note without having paid consideration therefor. So, in *Payne* v. *Eden*, the plaintiff was considered as holding the note for the benefit of the payee. *Yeomans* v. *Chatterton* was a suit between the orginal parties.

There was no variance. 1 *Chitty's Pl.* 297. 1 *Caines*, 192. 2 *Campb.* 305. Besides, the note might be received under the money counts. 12 *Johns. R.* 90.

All the members of a firm are liable to the payment of a note in the hands of a *bona fide* endorsee, given in the name of the firm, though the partnership name be subscribed by one of the firm without authority. It is only where the person receiving the note has *notice* that it was not given for a partnership concern, that the partners are discharged. 16 *Johns. R.* 34. 19 *id.* 154. 4 *id.* 279. 2 *Caines*, 246. 5 *Cowen,* 688.

*Boughton*, in reply. The production of the proof that the plaintiff was a *bona fide* holder of the note for valuable consideration, was *not a waiver* of the exception to the decision of the court below, refusing to receive evidence that the note was delivered as an *escrow*. Had the evidence been received, it would have been proved that the note never had a legal existence ; that it never was delivered, and without *delivery* it was not a note. It is not denied that when a negotiable note has become perfect by delivery, as well as signing, that a subsequent *bona fide* holder may recover on it, notwithstanding a failure of consideration, or that it was obtained by fraud from the maker ; but it is contended that there can be no recovery, even by a *bona fide* holder, on a note which never was perfect. In every case in which a recovery has been permitted by an endorsee, on a note fraud-

NEW-YORK,
May, 1831.

Vallett
v.
Parker.

ulently put in circulation, the note *once* had a valid existence as an instrument ; and not a case can be found where a suit has been maintained on a note which never had any validity. Under a plea of *non est factum* a defendant may shew that the deed was delivered as an *escrow,* and he succeeds in his defence. If, in an action on a note, he proves that it was delivered as an *escrow,* and that the condition was not fulfilled, it never was his note. In answer to the other point made by the defendants in this case, it is said that a note is *void* only when made so by *statute.* Be it so. The statute against *gaming* is narrower, and that against *usury* not broader, than the act against *champerty and maintenance.* By it all gifts and conveyances are declared void. Consequently every thing relating to the matter is avoided. Shall the contract be avoided as to the seller, and the buyer be held liable to pay for land he cannot hold ? In *Scott v. Gilman, 3 Taunt. 226,* where the statute merely prohibited the contract, the court held the bill of exchange void in the hands of an innocent endorsee.

*By the Court,* SAVAGE, Ch. J. There was no variance. Had the declaration stated the making of the note by the defendants, " their own proper hands and names being thereunto subscribed," according to some precedents, perhaps there would have been a variance ; but here the only statement was, that the defendants *made* the note, and it being proved that it was made by one of the firm, whose name was subscribed to it, it was proved to be made by both, for the act of one partner is the act of both. *4 Wendell, 412.*

To entitle a plaintiff to recover against a firm on a note made by one member of the firm in the partnership name, it is not incumbent on him, in the first instance, to shew that it was given for a partnership transaction. If it was not so given, the fact must be shewn by the defendants. When the signature of a firm is found to a note, the presumption of law is that it was given for a partnership debt. If the contrary be shewn by the defence, then the plaintiff must shew the assent of the partner who did not subscribe the note, that is, when the suit is between the original parties to the note ;

when the note has passed into the hands of a subsequent *bona fide* holder, other considerations prevail. Whatever doubts may have heretofore existed, I take it to be well settled, that as between the original parties to a promissory note, the defendant may shew either the want of consideration, or the illegality of it. But when a negotiable instrument has passed in the ordinary course of business into the hands of a *bona fide* holder for valuable consideration, and without notice of the consideration, the general rule is, that the defendant cannot avail himself of any such defence. There are exceptions ; two instances are familiar ; the case of a note given upon an *usurious* consideration, or for money lost *by gaming*. In both these cases the notes and securities are declared by the statute to be absolutely void. Every man, therefore, who takes an endorsed note, does so at his peril, so far as those considerations may have entered into the original concoction. But with the exception of those cases in which the statute has declared notes void, it may be laid down as a "broad general principle, that whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." 2 *T. R.* 70.

As between the original parties to this note, it would be a good defence to shew that it was delivered as an *escrow*. 1 *Strange*, 674. But not so in action by a subsequent *bona fide* holder for valuable consideration, and without notice. It is argued that such a note was never delivered, and therefore void ; but is it more imperfect or void than an accommodation note before it is negotiated ? While in the hands of the payee, or any agent of his, it is not a valid instrument ; there has been no valid delivery ; no suit can be sustained upon it, any more than on a note delivered as an escrow ; but the moment an accommodation note is passed *bona fide* to an endorsee, who gives value for it, it becomes a valid security ; and even if it is fraudulently put into circution he who has paid value for it shall not be defrauded. But if any innocent person must suffer, it should be that one who, by his acts, has enabled the third person to commit the fraud. *Woodhull* v. *Holmes,* 10 *Johns. R.* 231,

was substantially the case of a note delivered as an escrow ; it was put into the hands of a third person for a special purpose; that purpose was to have the note discounted at a bank. In that event, the parties to the note, or one of them, would have received the money. Instead of doing so the agent passed it to a broker, and put the money into his own pocket. How does this case differ in principle? The note was deposited as an escrow, say the defendants, till possession of the theatre should be delivered ; but the person who had it, fraudulently gave it to the payee, who negotiated it for a valuable consideration. Is not the holder in this case in as favorable a light before this court as the broker in the case of *Woodhull* v. *Holmes*? It would seem to follow, from the decision in that case, that the common pleas should have received evidence of the fact that the note was delivered as an escrow, and afterwards fraudulently put into circulation ; and then the plaintiff must have shewn that he came fairly by it. Had not the defendants proved that fact for the plaintiff, he must have proved it, or have failed in the suit; but if the plaintiffs in error intended to rely on that error of the court, they should not have introduced the evidence to obviate it.

The court below considered this a case in which the defendants could not shew the circumstances attending the execution of the note for the purpose of avoiding it in the hands of a *bona fide* holder, and that therefore unless it could be shewn, either that the plaintiff had notice of those circumstances, or took the note after it was due, the defence could be of no avail. I understand the rule in England to be, that when the legislature has declared that the illegality of the contract or consideration shall make the note void, the defendant may set up that defence, though the note be in the hands of a *bona fide* holder ; but unless it has been so expressly declared by the legislature, illegality of consideration will be no defence against a *bona fide* holder, without notice, and for sufficient consideration, unless he obtained the note after it became due. *Chitty on Bills*, 104, 105, *and cases there cited.* The rule is the same in this court. The holder of a bill or note need not, in the first instance, shew a consideration ; possession proves property ; but if there are any

suspicious circumstances as to the *bona fides* of his possession, and the defendant has a good defence against the payee, then he must shew that he paid value for it. For instance, if the note has been lost or stolen, or fraudulently put into circulation, &c. then the plaintiff must shew that he came lawfully and fairly by it, and paid value for it. 3 *Johns. C.* 260, 3. The court below therefore erred in their decision on that point; but had they decided it correctly, the only difference would have been, that the plaintiff must have introduced the same testimony which was introduced by the defendants. The judgment should not be reversed for that cause.

The next question is, whether the statute has declared a note void given for the purchase of real estate held adversely? The seventh section is relied on, which is, " That all gifts and conveyances made for maintenance shall be void." A promissory note is certainly neither a gift nor a conveyance; and I apprehend it is not competent for the court to say that a note given for such a purpose is void, because it is without consideration, or that the consideration is illegal, and that therefore the note is within the statute. It is all important to the commercial world, that courts do not go in advance of the legislature in rendering negotiable paper void in the hands of an innocent endorsee. Wherever the statutes declare notes void, they are, and must be so, in the hands of every holder; but where they are adjudged by the court to be so, for failure, or the illegality of the consideration, they are void only in the hands of the original parties, or those who are chargeable with, or have had notice of the consideration.

Judgment affirmed, with single costs.