## WALDO BANK *vs.* DAVID GREELY *& al.*

In an action against all the partners, on a note made by one of them in the partnership name, it is not incumbent on the plaintiff, in the first instance, to show that the note was given for a partnership transaction.

THIS was an action against *Greely & French*, as drawers of the same bill described in the case *Waldo Bank* v. *Lumbert & al.*, *ante*, p. 416, and was submitted on the same arguments, and on the same facts, with the exclusion of the testimony of *French.*

*W. Kelley,* for plaintiffs.

*Rogers,* for defendants.

The opinion of the Court was drawn up by

EMERY J. — In this case it is agreed, that all the facts admitted in the statement of facts in the case of *Waldo Bank* v. *Lumbert & al.,* excepting the testimony of *French,* are to be received as admitted in this case.   The result is, that nothing but the articles of partnership presents any thing whereon to raise the semblance of a defence in this action.   And although it may be feared, that injury may result to *French ;* those articles and the books do not furnish that satisfactory evidence to relieve the defendants, which they earnestly desire.   These books are their own private memoranda.   They may shew all their disbursements, receipts and liabilities, and they may not.   Merely producing them throws no burthen of proof on the plaintiffs.   The defendants must go further. But it is not incumbent on the plaintiffs in the first instance to show that a note or draft negotiable, was given for a partnership transaction, though it were made by one of the partners in the partnership name.   *Vallett* v. *Parker,* 6 *Wend.* 615.

According to the agreement of the parties, the Court upon the state of facts agreed, are obliged upon legal principles to decide, that the plaintiffs are entitled to judgment.   Because excluding *French's* testimony, and the presentment, protest and notice in due form are admitted.

The defendants must be called, and judgment be rendered for the plaintiffs.