By the Court,

Nelson, Ch. J.
Whether the notes of the city of Rochester, which formed the consideration of the loan for which the note in question was given, were issued for circulation as money, does not distinctly appear. It is alleged that they were issued without authority, and in violation of the city charter; and the question is, whether, assuming this to be so, the plaintiffs, who are bona fide holders for value, are entitled to recover.
I shall not stop to examine the question as to the validity of the city notes, and whether or not they might have been collected of the corporation; for no rule of commercial law is better settled, or more rigidly adhered to, than that the illegality of consideration of a bill or note will not invalidate it in the hands of a bona fide holder if taken in the usual course of trade, unless made void by statute. Mr. Chitty says: “ In those cases in which the legislature has declared that the illegality of the contract or consideration shall make the security, whether bill or note, void, (enumerating several cases,) the defendant may insist on such illegality, though the plaintiff, or some party between him and the defendant, took the bill, bona fide and gave- a valuable consideration for it.” “ But unless it has been so expressly declared by the legislature, illegality of' consideration will be no defence in an action at the suit of a bona fide holder, without notice of the illegality, unless he obtained the bill after it became due.” (Chitty on Bills, 115, 116, 9th Am. from 8th Bond. ed.; Chitty, jun. 100; *501 Broughton v. Manchester Water Works Co., 3 Barn. & Ald. 10, per Holroyd, J.) The rule is the same in this state. (Vallett v. Parker, 6 Wend. 615.)
In this case there was no illegality shown between the original parties to the note. There is no law, either statute or common, which forbids the holder of corporation notes like those in question, from parting with them. They may have been void and of no value, and thus have afforded no consideration for the paper received; but we were referred to no law, nor am I aware of any, that characterizes the act of loaning them as illegal, or even necessarily immoral, and both parties may have supposed the notes valid and binding upon the city. In order td establish illegality, the counsel should have produced some law prohibiting the circulation of these notes; and even then, as we have seen, the note in question would have been good in the hands of the plaintiff, unless that law expressly declared the security taken to be void.
The learned judge was also right in refusing to charge the jury that, as matter of law, the note was void on the ground of usury. Perhaps he might have been bound to put the point to them as a question of fact, if he had been requested to do so ; but the weight of the proof was decidedly with the plaintiffs. It is true, the city notes were from three to five per cent, below par; but the defendant sought the accommodation on the ground that they would answer his purposes the same as current funds. Indeed, the whole case negatives any intent on the part of the lender to gain a usurious advantage in the transaction.
New trial denied.