Bacon *v.* Holloway.

JOHN and JOHN E. BACON *v.* ISAAC HOLLOWAY and others.

Where a promissory note was given by the maker to the payees, to pay a certain debt owing by the latter, and, upon the refusal of their creditor to take the note, they endorsed it, before maturity, without the maker's knowledge, to the plaintiffs, receiving in exchange the plaintiffs' note, which such creditor received in payment of their debt, and which last mentioned note was afterwards taken up by the plaintiffs by applying to such payment a claim of theirs against the holder of their note; it was *held,* that the plaintiffs were entitled to recover from the maker the full amount of the note so endorsed to them, without reference to the state of accounts between the original parties at its inception.

One who receives a note, before its maturity, and gives his own note for it, can recover of the maker, although notified, when he receives it, that it was a mere accommodation note as between the maker and payee, unless the transfer by the latter was fraudulent, and the holder took it with notice of the fraud.

The liability of the maker and endorsers of a note in an action thereon is not varied by proof that the latter have provided for the payment of all their indebtedness to the holder, including the amount of the note, by a general assignment for the benefit of creditors, although the assigned property is shown to be sufficient to secure him.

THIS was an action upon a promissory note for $1,425 30. The note was payable to the order of Westlake & Coger, who obtained it from the maker, Holloway, with whom they had a running account. The understanding was, that it would be applied to the payment of a bill for iron, amounting

to the same sum, due from W. & C. to Grinnell, Minturn & Co., who, however, refused to receive the note. The payees then endorsed it, before maturity, and exchanged it, without the maker's knowledge, for a note of the plaintiffs, with which they paid the bill for iron.

The plaintiffs' note, given in exchange for the note in suit, was charged to them in the adjustment of a claim held by them against Grinnell, Minturn & Co. They were indebted to the latter firm in a large amount upon account, irrespective of this note, and this indebtedness was afterwards compromised. The evidence on this subject was, however, conflicting, and it was contended for the defence, that the plaintiffs compromised their indebtedness on the note itself, for an amount somewhat exceeding fifty per cent., but that they did not pay the note in full.

The note in suit was dated in June, 1851, and had six months to mature.

In *September*, of the same year, the endorsers, W. & C., made a general assignment for the benefit of their creditors, preferring the plaintiffs for sundry claims, including the amount of Holloway's note; and it appeared in evidence that the property assigned was abundantly sufficient to pay the preferred liabilities.

The cause was tried before a referee, who received a mass of testimony upon the state of accounts between the maker, Holloway, and the payees, Westlake & Coger, at the time the note in suit was originally given. The testimony was contradictory, but the referee found that the balance against the maker at that time was only $342 02, and reported that the plaintiffs' recovery should be limited to that amount. Judgment was entered on the report for that sum, and the plaintiffs appealed.

*J. B. Stevens, Samuel P. Bell* and *Frederick A. Coe,* for the plaintiffs, cited *Vallet* v. *Parker,* 6 Wend. 620; *Bank of Troy* v. *Topping,* 13 Id. 569; *Grant* v. *Ellicott,* 7 Id. 227; *Morton* v. *Rogers,* 14 Id. 580, 591; *Case*

Bacon *v.* Holloway.

v. *Mechanics' Banking Association*, 4 Comst. 168; *Freeland* v. *Heron*, 7 Cranch, 151; *Woodworth* v. *Bellows*, 4 How. Pr. Rep. 24; N. Y. Code, § 274.

*John Graham*, for the defendants.

By the Court. Daly, J.—The plaintiffs were holders of the note in suit for value. They gave their own note to Westlake & Coger for it, and paid that note by an adjustment of a claim for storage which they had against Grinnell, Minturn & Co., the parties to whom Westlake & Coger passed their note, in payment of a bill for iron. Being thus *bona fide* holders for value, their right to recover upon the note, against both maker and endorser, could not be affected by any failure of consideration between Holloway and Westlake & Coger. (*Vallet* v. *Parker*, 6 Wend. 620; *Grant* v. *Elliott*, 7 Id. 227; *Morton* v. *Rogers*, 14 Id. 580; and *Case* v. *Mechanics' Banking Association*, 4 Comst. 168.) They were clearly entitled to recover the amount of the note, less the $200 paid by Coger. If it had been proved to be an accommodation note, it would not have altered the case, for the plaintiffs, though even notified of that fact when they took it, could still, having parted with their own note for it, recover. (*Morton* v. *Rogers*, 14 Wend. 580.) That the indebtedness of Westlake & Coger to the plaintiffs has been provided for by their assignment, would not affect or vary either their or the defendant, Holloway's, liability. The payment of the $1,425, by the adjustment of the plaintiffs' claim for storage, was entirely independent of the compromise which the plaintiffs made of their debt with Grinnell, Minturn & Co. The compromise for 50 per cent. applied to the balance due by the plaintiffs after the adjustment referred to. As respects the note, therefore, the plaintiffs gave full value for it, and were entitled to recover it, less the $200 paid. The referee erred in going into the account between Holloway and Westlake & Coger, and limiting the plaintiffs' recovery to the amount of the indebtedness of Holloway to Westlake & Coger. He ap-

Bacon *v.* Holloway.

pears to have been under the impression that, as the note was made by Holloway for the purpose of being given to Grinnell, Minturn & Co., it could not be transferred by Westlake & Coger to the plaintiffs without his assent, or, at least, that Holloway should have been a party to the exchange. But this is wholly immaterial. If the plaintiffs gave value for the note, it would be good in their hands, though Westlake & Coger had put it in circulation fraudulently, unless the plaintiffs had knowledge of the equitable right of Holloway. But nothing of this kind appeared. The report must be set aside.

Judgment reversed, and cause referred back for new trial.

Note.—In accordance with the decision, the case was again tried, and the referee reported in the plaintiffs' favor for the whole amount claimed. Judgment having been entered for $1,710 40, the defendant, Holloway, appealed to the general term, where the cause was argued by the same counsel, and decided in May term, 1854. The opinion delivered on the last appeal is inserted in this place, as it simply affirms the propositions determined when the case first came up.

By the Court. Woodruff, J.—After a careful re-examination of the case, as presented by the referee on the recent trial, I find nothing in it to change the legal rights of the parties, as they appeared to us when the new trial was ordered, and I therefore adopt the opinion of the general term, as delivered at that time by Judge Daly, as decisive of the present appeal.

The referee finds that the plaintiffs, before the maturity of the note in question, received it from the payees, and exchanged therefor their own note, for the same amount and of the like date, &c. There was no evidence, that at the time of this exchange they had any notice of any equities between the defendant and the payees, (if, indeed, any existed, which I think was by no means sufficiently proved,)

which rendered the note invalid *at that time* in the payees' hands.

The plaintiffs, therefore, by virtue of the exchange, and the moment it was consummated, became *bona fide* holders for value.

And if it were, for the purpose of argument, conceded that their holding of the note in question was, under the circumstances, as security and to indemnify themselves against the payment of their own note exchanged therefor, still, their holding for that purpose was *bona fide*, and to that extent the note was their property. When, therefore, Grinnell, Minturn & Co.—the then holders of the plaintiffs' note—applied to its payment a bill for storage, as they, by the plaintiffs' assent, had a perfect right to do, the plaintiffs' note was, for all legal purposes, *paid*, and paid by the plaintiffs as truly as if Grinnell, Minturn & Co. had paid to the plaintiffs, in money, the sum due to them for storage, and the plaintiffs had in turn, with money, paid their own note.

I perceive no occasion for reviewing in detail the decision heretofore made at general term, which, in my judgment, is conclusive against the appellant, upon the grounds of the present appeal. The judgment should be affirmed, with costs.

The judgment rendered on the first trial, for a part of the plaintiffs' demand, having been reversed, and the cause referred back for a new trial, the judgment entered after the second trial, for the whole amount claimed, was affirmed, with costs.