## STATE CAPITAL BANK *v.* THOMPSON.

A negotiable promissory note, made and delivered on Sunday, though illegal and voidable as between the original parties thereto, yet when indorsed before maturity, to a *bonâ fide* and innocent holder without notice of any defect, can not be impeached in the hands of such innocent indorsee.

Assumpsit, on the following note :

"$200. Salisbury, July 2, 1860.

Five months after date we promise to pay to the order of J. H. Clement & Co., two hundred dollars, value received, with interest after.

GEORGE W. THOMPSON,
JOSEPH C. THOMPSON."

The note was indorsed by the payee to the plaintiff before it was due, having been discounted by the bank in good faith without notice of any defense. Clement, at the time the note was given, was owing Joseph C. Thompson a small amount; but there was an unsettled account between said Clement and George W. Thompson, who, on a settlement, would be owing Clement from $100 to $300. Clement got the defendants to sign this and another note with the understanding between the parties that both were accommodation notes; no date was in said notes when signed, Clement saying he did not know as he should need to use them, and if he did not he would re-

turn them; that if he wanted to operate in wool buying he should want to raise money, and would put the dates in as they were needed.

The notes were signed by the defendants on Sunday, in the presence of some half dozen persons, including the head clerk of Clement. The notes were written by Clement some days before the signing. They were delivered to Clement's clerk to be handed to him, Clement, on Sunday, the day they were signed.

The payee was Jonathan H. Clement. There was no partnership.

The foregoing statement of facts was agreed to by the parties, reserving to each party the right to afterward try any question of fact by the jury.

*Shirley*, for the plaintiff, cited the following authorities: to wit, Story on Bills 187; 31 N. H. 493; 19 N. H. 233; 39 N. H. 318; 37 N. H. 437; 19 N. H. 550; *Bloxsome* v. *Williams*, 3 Barn. & Cres. 232.

NESMITH, J. It is well settled that, as between the original parties to a promissory note, the defendant may show either the want of consideration, or the illegality of it. In this state, under the construction of our statute prohibiting unnecessary labor on Sunday, the execution and delivery of a promissory note upon Sunday has been declared "business of a person's secular calling," and generally an act to the disturbance of others, and, as such, is prohibited under a penalty, and when subjected to it, amounts to an implied prohibition of the act for which the penalty is inflicted. *Brackett* v. *Hoyt*, 28 N. H. 267; *Allen* v. *Deming*, 14 N. H. 133; *Smith* v. *Foster*, 41 N. H. 215. The case of *Allen* v. *Deming* was founded on a promissory note, originally made on Sunday and indorsed to the plaintiff. The decision is based upon the ground that the plaintiff in this case could not be presumed to be

or treated as an innocent indorsee. The fact is here found otherwise. It then becomes material to inquire how far the negotiable note in suit, having come in the ordinary course of business, into the hands of a *bonâ fide* holder, for a valuable consideration, and without notice of any defect in the same, can now be impeached in the hands of the present plaintiffs.

We understand that the rule adopted and acted upon in England is, that when the legislature has declared that the illegality of the contract or the consideration shall make the note absolutely void, the defendant may set up that defense, though in the hands of a *bonâ fide* holder. But unless it has been so expressly declared by parliament, illegality of consideration will be no defense against a *bonâ fide* holder, without notice, and for a sufficient consideration, or unless the note be obtained after it become due and payable. *Lowe* v. *Waller*, Doug. 735; Chitty on Bills, 58, 104, and cases cited. This rule is applied to cases affected by usury, and to such as come within the penalties of the statutes prohibiting gaming. We believe the New-York and Massachusetts courts adhere to the same rule. 3 Kent's Com. 44, sec. 98; *Valette* v. *Parker*, 6 Wend. 620; *Baker* v. *Arnold*, 3 Caines 279; Story on Bills, 222; Bayley on Bills, 512–516. The same principle has been adopted in this state where the sale of spirituous liquors has been prohibited by penal enactment. In *Doe* v. *Burnham*, 31 N. H. 426, the defense was that the note in suit was given for spirituous liquors sold to the defendant by the payee of the note, contrary to the statute, &c. But it having been shown that the plaintiff, before the maturity of the note, took it on good consideration, and without notice of any illegality in the consideration of the same, the defendant was refused the right to set up this defense. *Norris* v. *Langley*, 19 N. H. 423; *Great Falls Bank* v. *Farmington*, 41 N. H. 32. So, also, where part of the consideration of the note is illegal, and the holder occupies

the position of an innocent indorsee. *Clark* v. *Ricker*, 14 N. H. 44. But if the note be taken when over-due or dishonored, the illegality of the consideration can be shown as matter of defense. *Ayer* v. *Hutchins*, 4 Mass. 370.

The statutes for the observance of the Lord's day, and also for restraining the sale of spirituous liquors, were doubtless both intended for the welfare and security of society, and for the promotion and enforcement of good morals and right conduct in the community. The statutes are both penal in their character, and similar legal consequences should be made to attach to their violation. In the construction and application of these statutes to contracts made under them, the court will apply like rules and exceptions. We agree to the conclusion of Justice Savage, in *Valette* v. *Parker*, before referred to : "It is all important to the commercial world, that courts do not go in advance of the legislature, in rendering negotiable paper void in the hands of an innocent indorsee. Wherever the statutes declare notes void, they are and must be so in the hands of every holder; but, where they are adjudged by the court to be so, for failure or the illegality of consideration, they are void only in the hands of original parties, or those who are chargeable with, or have had notice of the illegality of the consideration therein contained." We also understand our conclusion to be in accordance with the recent decision of the court in the case of *Clarke* v. *Pease*, 41 N. H. 414.

On one other point of defense suggested by the defendants, the law is clear. All the members of a firm are liable to the payment of a note in the hands of a *bonâ fide* indorsee, when indorsed in the name of the firm, though the partnership name be used by one of the firm without authority. It is where the person receiving the note has notice that it was not given for or on account of the partnership concern, that the parties are discharged. Chitty on Bills, 45 ; 16 Johns. 34; 19 Johns. 154; 6

Cow. 688. The facts do not warrant us in saying that any actual injury has accrued to the firm of J. H. Clement & Co. As the case stands, the firm may be the gainer by the conduct of Clement. Clement may be estopped to deny that he had not the money from the plaintiff to the use of his firm. At present, no material question of practical importance is here suggested for the decision of the court.

*Judgment for the plaintiff.*