## BOODY *v.* BARTLETT.

Where an accommodation note, in form negotiable, was made and deliv-
ered for the express purpose of procuring the money thereon from the
payee, and under an agreement that it should be surrendered to the
maker, if the payee refused to advance the money, and should not be
passed to any other person, but the payee having refused to advance
the money on the note, it was delivered to another party, who ad-
vanced the amount thereof, it was held that such purchaser could not
recover upon said note of the original maker, as the fact that the note
was not indorsed by the payee, when taken by the purchaser, should
have put him to the exercise of due and diligent inquiry as to its nature
and object.

THIS was an action of assumpsit upon a promissory note,
dated May 1, 1857, for the sum of $100, payable in one
year from the date, with interest, alleged to be payable to
Mrs. H. H. Boody, or order, and to be signed by Levi S.
Bartlett as surety, and by Francis B. Smith as principal.
The action was prosecuted in the name of Mrs. Boody, for
the benefit of Mrs. Olivia E. S. Frink, who claims to be
the party in interest and holder of the note. The trial
was upon the general issue.

The defendant, Levi S. Bartlett, on whom alone the
writ was brought and served, testified as a witness, and
stated that he signed the note; that about the last of
April, 1857, Francis B. Smith applied to him for a loan
of $100. Francis is his nephew, a son of a deceased
sister, who was the wife of Francis O. J. Smith. He
doubted if it was best to let him have the money. Francis
had been at the Academy, at Exeter, and he had had the
care of him there. He was then about nineteen years of
age, and in college, and was a little wild. He knew his
father, who was regarded as a wealthy man, had limited his
supply of money, for he had sent him money to pay his
expenses home from Exeter. Bartlett had known Mrs.

Boody since 1829 or 1830. She was an intimate friend of his sister, and had taken an interest in Francis.

After considerable conversation upon the matter, Dr. Bartlett says he told him he would sign a note with him, on the condition that he should take the note to Mrs. Boody, and if she thought that he needed it, she would let him have the money; but the note should not be passed into the hands of any other person. If he did not get the money of Mrs. Boody, the note was to be returned to him; for he would not have his note hawked about. He stated he saw Francis soon after, and he told him the note did not amount to any thing; he did not get any money on it; and he promised to send him the note when he got home, but did not do so. Mrs. Frink wrote him the note was in her hands, and wished him to pay it. This was at the end of the year, when the note became due. Mrs. Frink is a sister of·F. O. J. Smith.

Mrs. Olivia E. S. Frink testified that she received the note of Francis Smith. He owed her nine or ten dollars; she advanced him eighty dollars, and about two weeks after, ten dollars more. Mrs. Boody has no interest in the note; she declined to accept it. Mrs. Frink never heard of any restrictions upon the note. She was well acquainted with Mr. and Mrs. Smith and Dr. Bartlett. She called on Dr. Bartlett for payment. He did not deny the note, but questioned whether she had advanced any money on it; and he made no remark that no body should have the note but Mrs. Boody. Francis went to Mrs. Boody, and she declined to let him have the money; and he urged Mrs. Frink to let him have the money, and she did so. This was the week after the date of the note. She knew Francis was under age. He was in college. His father lived in Westbrook, two miles from her house in Portland, and was able to pay his bills. There was only one name on the note at the time she received it, that of Dr. Bartlett. Francis' name was not on it. She held the

---
Boody *v.* Bartlett.
---

note about a year; had written to Dr. Bartlett and got no reply, and she then asked Francis to sign it, and he did so, but after it was due.

It did not appear that Mrs. Boody had indorsed the note or authorized the suit. If the court, at the law term, should be of opinion that the plaintiff is entitled to recover upon this evidence, the court found for the plaintiff the amount of the note, with interest — otherwise for the defendant; and the questions were transferred.

*Marston & Collins*, for the plaintiff.

*Patten*, and *Tuck*, for the defendant.

NESMITH, J. The note in suit was drawn payable to the plaintiff, or order, but was never indorsed by her. The plaintiff in interest (Mrs. Frink) paid a valuable consideration therefor, and claims to collect it of the defendant, the original signer, in the plaintiff's name. The note was payable on time, and before it became due it was purchased by Mrs. Frink, the present holder. It was an accommodation note, delivered to young Smith, the original holder, as the defendant contends, under the restriction that the payee (Mrs. Boody) was to let Smith have the money, if she thought he needed it; and if he did not get the money of her, the note was to be returned to the defendant. The case finds that Smith did not get the money of Mrs. Boody, and that soon after he made the attempt, he promised to restore the note to the defendant, but failed to do it.

It is not denied by the defendant that, if Mrs. Boody had advanced the money on the note to Smith, he would be held to pay it, because he gave the note to Smith, for the express purpose of enabling him to obtain the proceeds thereof from Mrs. Boody, as she might determine upon his wants. Thus the contract would have

been perfected, binding the defendant, by Mrs. Boody's election to advance the money to Smith, and the consequent delivery of the note by Smith to the plaintiff as payee.

The plaintiff in interest (Mrs. Frink) claims to hold the defendant liable, not on the ground that she is an innocent indorsee of the note, but as assignee or *bonâ fide* holder for a valuable consideration, and without notice of the condition or limitation to the negotiability of the note.

That a drawer of a note of this kind has a right to make a condition to his note, and defend against it, if it is attempted to be enforced, there can not be a doubt. If a bill or check has been given even on a verbal condition, which the drawer finds is to be broken or eluded, he has a right to stop the payment, and may defend an action thereon. Ch. on Bills 87 ; *Wienholt* v. *Spitta*, 3 Camp. 376. Evidence that a note was delivered as an escrow, and that it was fraudulently put in circulation, is admissible ; and when the fact is shown, the holder will be bound to show that he came fairly by the note, and paid value for it before it became due. *Vallette* v. *Parker*, 6 Wend. 615. If bills or notes were accepted, or made for a special or particular purpose, then no third person, aware of that object, can, by obtaining the instruments, or their proceeds, apply the same to a different purpose. *Delauney* v. *Mitchel*, 1 Stark. 439.

The party in interest here can not set up the ground, which is material to her right of recovery, that she is a subsequent holder of the note in question. Mrs. Boody, being the intended payee or holder, had she indorsed the note before it became due, and put it in circulation, and had Mrs. Frink then become the subsequent *bonâ fide* holder under her without notice, then this defense could not have been interposed. But the fact that the note was made payable to Mrs. Boody, and was not indorsed by

her, was one that should have put Mrs. Frink, or any purchaser, upon diligent inquiry, whether it would be consistent, in the due and ordinary course of business, to advance money on negotiable paper, payable to another, and never indorsed by such payee.

The law holds parties to the exercise of due caution and proper diligence, in cases of this character. Here were circumstances necessarily calculated to excite suspicion, and affording reasons to Mrs. Frink, before she purchased the note of Smith, to inquire of her neighbor why she had not advanced the money to Smith, and whether every thing was right in the premises, or whether there were conditions or existing restrictions to the note. Would not a prudent purchaser of the note have previously exacted the indorsement of Mrs. Boody's name, before advancing the money on it?

Again, here was a manifest breach of trust by Smith, in parting with the note, contrary to his agreement with the maker, to surrender it to him, after his failure to get the money of Mrs. Boody. There was, then, no such delivery to Mrs. Frink of the note as the law can sanction as legal. The defendant's assent to such delivery can not be fairly presumed. The making the note payable to Mrs. Boody was intended by the defendant as a reasonable protection to himself, under the circumstances, of which the law will permit him to avail himself. The transfer to the plaintiff must be regarded as irregular, and in violation of his original contract with the holder at that time.

It is said by the plaintiff that the object of the note being to raise money as an accommodation note, the note, by being negotiated in this way, has only accomplished its original design, and, therefore, should be binding on the defendant; and authorities in our reports, including *Bank of Newbury* v. *Rand*, 38 N. H. 166, and *Elliot* v. *Abbot*, 12 N. H. 549, and other similar cases, are cited by the plaintiff to sustain this doctrine.

---

Upon an examination of these authorities, however, it will be found that they assume the ground that the notes that constitute the cause of action, in each case, were originally signed and issued without condition or restriction, on the part of the signers. Hence it was a matter of indifference with them from what source the holder was enabled to raise the money; and, therefore, no breach of contract existed as between them and the purchaser or assignees of the notes. These notes were not, therefore, obnoxious to the present defense.

We, therefore, think it not unreasonable to hold that the rule, applicable to notes purchased when overdue, should be made to apply to this note, and that the plaintiff in interest should be presumed to have taken it under such circumstances as to subject her to all such objections arising from want of consideration, or other illegality or equities affecting the instrument itself, to which it would be liable, if in the hands of Smith, from whom she received it. *Davis* v. *Lane*, 8 N. H. 224.

Upon these considerations, therefore, we think there should be

*Judgment for the defendant.*