## HILL v. NORTHRUP, appellant.

*Consideration — Promissory note given to compound felony valid in hands of bona fide holder — Evidence — burden of proof.*

Defendants, to compound a felony, gave their promissory note. *Held*, (1) that the illegal consideration would avoid the note in the hands of the original parties, but not in the hands of a *bona fide* holder for value; and (2) that upon such a defense it was for defendants to show that it was not held by plaintiff in good faith.

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought in Onondaga county by Robert E. Hill against John W. Northrup, Flavilla Northrup, James M. Crow, Charles G. Robinson and Russell A. Clark, upon a promissory note made by the Northrups and indorsed by the firm of Crow, Robinson & Clark, and transferred for value before maturity to plaintiff. The makers defended, and in their answer admitted the making of the note, but set up that the note was given to compound a felony. Upon the trial said defendants offered to show that the note had been given to Crow, Robinson & Clark, the payees thereof, to settle a criminal prosecution which had been instituted by one of the members of said firm against the defendant John W. Northrup. This was objected to on behalf of the plaintiff as immaterial, improper and incompetent, as against him. The referee held that the evidence was inadmissible unless the defendants should first show that the plaintiff was not a *bona fide* holder of the note. The exception to this ruling, and to others of a similar nature, presents the only question that arises in the case.

*H. C. Miner*, for appellants, cited upon the question of the validity of the note, 2 R. S. 692, § 12; id. 689, §§ 17, 18; id. 730, §§ 66–68; *Conderman* v. *Hicks*, 3 Lans. 108; S. C. *sub nom. Conderman* v. *Trenchard*, 58 Barb. 165, and 40 How. 71. Upon that of burden of proof, *First National Bank of Cortland* v. *Green*, 43 N. Y. 298.

*Fuller, Vann & Brooks*, for respondent. Illegality of consideration of a note. is no defense to an action by a *bona fide* holder, unless the paper be expressly declared void by

statute. *Rockwell* v. *Charles*, 2 Hill, 499 ; *Broughton* v. *Manchester Water Works Co.*, 3 Barn. & Ald. 10 ; *Vallett* v. *Parker*, 6 Wend. 615 ; *Loomis* v. *Cline*, 4 Barb. 453 ; *Turnbull* v. *Bowyer*, 40 N. Y. 456 ; Story on Prom. Notes, § 181 ; Chitty on Bills, ch. 3, pp. 78, 79 ; Bayley on Bills, ch. 12, pp. 499, 500 ; Edw. on Bills, 308-310 ; 2 R. S. 689, §§ 17, 18 ; id. 692, § 12. In *Conderman* v. *Hicks, supra,* the note was non-negotiable. Upon the question of burden of proof, counsel cited *James* v. *Chalmers*, 6 N. Y. 209, 213, 214 ; *Nelson* v. *Cowing*, 6 Hill, 336.

E. Darwin Smith, J. The complaint in due form alleged the making of the said note and its transfer before maturity for a good and valuable consideration to the plaintiff ; and these facts are admitted by the answer. The plaintiff was, therefore, entitled to recover upon the face of the pleadings. He had nothing to prove, and the affirmative of the issue was upon the defendants. The answer set up that the note was given to compromise a felony, and that the fact that the said note was given for the cause and consideration stated therein was well known to the plaintiff.

The illegality of the consideration of the note alleged in the answer would render it void, as between the original parties to the instrument, but would not be a good defense to it in the hands of a *bona fide* holder. *Loomis* v. *Cline*, 4 Barb. 453 ; *Rockwell* v. *Charles*, 2 Hill, 500 ; *Vallett* v. *Parker*, 6 Wend. 615.

The offer of the defendant to prove the facts set up in his answer was an offer, as a whole, to prove a complete defense to the action. This was not denied by the referee, but defendant was required first to prove the last allegation of the answer that the plaintiff knew of the consideration of the note, and was not for that reason a *bona fide* holder thereof.

As the defendant had admitted upon the record that the plaintiff was a holder of said note for value, and received it before its maturity, the fact that he took it with notice of the consideration was an affirmative fact for the defendant to establish.

If the case had been tried at the circuit, I think the circuit judge, in the exercise of his discretion in controlling the order of proof, might, when a cause turned upon such a point, properly direct that the defendant give his evidence on that point first, as proof of the other facts alleged in the answer would be entirely unavailing, and the time of the court consumed in taking such evidence a waste of

time, if this point could not be established, and I do not see why the referee might not exercise the same discretion. It invaded no substantial right of the defendant, so to rule on the trial. But if the *possession* of the note had been improperly obtained as by duress and the *bona fide* possession of it by the plaintiff was questioned as if the note had been stolen, lost, or fraudulently put in circulation, then the rule would have been otherwise, and the burden would have been upon the plaintiff to show that he came fairly by it, and paid value for it. *Vallett* v. *Parker*, 6 Wend. 622; *First National Bank of Cortland* v. *Green*, 43 N. Y. 300; 2 Greenl. on Ev., § 172.

But in the shape of the pleadings in any view, I think the defendants had the burden to show notice to the plaintiff of this consideration of the note. They had averred it and were bound to prove it as a single branch of the facts essential to impeach the plaintiff's title as a *bona fide* holder, all the other facts entering into the question being expressly admitted in the record.

The defendant's counsel was simply required to give his evidence first in the order of time upon that single point. Having given such evidence he would then have been entitled, of course, and as a matter of right, to prove the other facts set up in the answer. His defense was not overruled. No injustice was done the defendants by the ruling of the referee, and the judgment should be affirmed.

*Judgment affirmed.*