JAMES G. SMITH, PLAINTIFF IN ERROR, v. THE COLUMBUS STATE BANK, DEFENDANT IN ERROR.

1. **Commercial Paper:** ILLEGAL CONSIDERATION. Suit on note "indorsed and delivered by E. J., payee, to the plaintiff before maturity for value, in due course of trade." Defense that said note was given by defendant to the said E. J., for no other consideration than that the said E. J. would, and his promise that he would, wholly desist from instituting any criminal prosecution against him, the said defendant, for certain felonies which the said E. J. then accused the said defendant with having committed, and for which he threatened to have the said defendant indicted, etc., unless he would give him a note for $1000. *Held*, that the answer constituted no defense.

2. **Kittle v. De Lamater, 3 Neb., 325.** So much of the syllabus of *Kittle v. De Lamater*, 3 Neb., 325, as is in the following words: "or if the note be founded upon an illegal consideration prohibited by some positive statute, no recovery can be had though the indorsee may not be privy to the original transaction"—disapproved.

ERROR to the district court of Platte county. Tried below before Post, J. The action was brought by the Columbus State Bank on a promissory note for $1000 against Smith, the maker, which was indorsed by Johnson, payee, and delivered to said Bank before maturity. The note was dated March 8, 1877, and by its terms became due and payable January 23, 1879. To the second count of Smith's answer the Bank demurred, and the court sustaining the demurrer, trial was had on the issue joined, and judgment rendered against Smith, to reverse which he brought the cause to this court upon a petition in error.

*Marlow & Munger*, for plaintiff in error.

1. No recovery can be had on the note, because the contract is founded upon an illegal consideration, prohibited by the laws of this state. *Kittle v. DeLamater*, 3 Neb., 325. Gen. Stat., 765, Sec. 177.

The effect of this statute is to prohibit the making of any and all contracts for compounding a criminal offense, for to render a contract valid, there must be two or more parties competent to contract, and a subject matter which is capable of being the subject of a contract. Under this statute there could be no valid contract, because if one of the parties is prohibited from entering into the contract, then there are not two contracting parties, and the subject matter being prohibited, then there was no subject matter to contract in reference to. But it may be said that the act of compounding a criminal offense is not prohibited by this statute, that the statute only inflicts a penalty upon the party receiving any reward or promise of reward for such act. We think, however, the law to be well established, that when a statute inflicts a penalty for doing an act, such act is unlawful, though not in

terms prohibited or declared to be illegal, and any contract, the consideration of which is founded upon the doing of such act, is void. *Griffith v. Wells,* 3 Denio., 226. *Reynolds v. Nichols & Co.,* 12 Iowa, .398. *Guenther v. Dewien,* 11 Iowa, 133. *Dalson v. Hope,* 7 Kansas, 161. *Sedg. on Stat. & Con. Law,* 69, 70, and 71. *Craig v. State of Missouri,* 4 Peters, 409. *Melchoir v. McCarty,* 31 Wis., 552. *Siter v. Sheets,* 7 Ind., 132. *Bloom v. Richards,* 2 Ohio State, 387. *Rossman v. McFarland,* 9 Ohio State, 369.

2. No recovery can be had because the contract was *malum in se.* Chitty on Bills, 94.

That no criminal prosecution had been commenced—that such a prosecution was only threatened, and the note was given to suppress and prevent the institution of a criminal prosecution—does not change the character of the transaction, but the act falls within the rule, which renders the contract void. *Roll v. Raguett,* 4, Ohio, 400. *James v. Roberts,* 18 Ohio, 548. *Raguett v. Roll,* 7 Ohio, 269.

*Whitmoyer, Gerrard & Post,* for defendant in error.

Illegality of consideration will not affect a note in the hands of a *bona fide* holder unless expressly declared void by statute. Mere prohibition under penalty is not sufficient. 1 Parsons, on N. & B., 279. Story on Promissory Notes, Sec. 192. Edwards on N. & B., star pages 337, 340, 341, *et. seq.* Chitty on Bills (11 American Ed.), star pages 81 and 95. *Bacon v. Lee,* 4 Iowa, 439. *Johns v. Bailey,* 45 Id., 241. *Clark v. Ricker,* 14 N. H., 44. *Quirk v. Thomas,* 6 Mich., 109. *Johnson v. Meeker,* 1 Wis., 378. A careful examination of the cases cited by counsel for plaintiff in error will disclose the fact that in none of them are the rights of a *bona fide* holder involved or discussed.

With due respect for the high character and ability of the author in *Kittle v. DeLamater*, 3 Neb., 325, we submit that the proposition therein laid down is directly in conflict with the rule enunciated by all elementary writers on the subject, and with the doctrine of most, if not all, of the well considered cases in this country and England. Nor could such have been the conclusion reached by the other members of the court, for it appears, page 337, that the judgment of the district court was reversed solely on account of the rejection of evidence tending to show that the holder of the note took it with notice of the matters relied upon as a defense; in other words, was not a *bona fide* holder.

Совв, J.

The only question presented for the consideration of this court in this case is, did the district court err in sustaining the demurrer of the defendant in error to the second count or ground of defense stated in the answer of the plaintiff in error? The petition is in the usual form, setting out a copy of the note, averring that Edward Johnson (the payee) "indorsed and delivered said note to the plaintiff before maturity thereof for value in due course of trade," &c. The count or defense demurred to is as follows: "And for second and further defense, this answering defendant says, that at the time said note was executed, and before it was delivered by this answering defendant to said Edward Johnson, he, the said Edward Johnson, accused this answering defendant with having committed the crime of felonious assault with intent to commit a rape upon the person of Mary Johnson, wife of Edward Johnson, payee in said note mentioned, on the 7th day of December, 1875, in the county of Dodge, state of Nebraska. That said Johnson, at the same

time, further accused this answering defendant with having committed the crime of rape upon the person of said Mary Johnson, on the second day of February, 1876, in the county of Douglas, in the state of Nebraska. That before the said note was executed and delivered to the said Johnson, he, the said Johnson, then threatened, and was about to institute, criminal prosecutions against this answering defendant, and cause a judicial investigation to be made touching said supposed felonies, and threatened this answering defendant that, unless he would give said Johnson his promissory note for the sum of one thousand dollars, he would subject him to undergo an examination before some judicial tribunal for said supposed offenses, and would endeavor to have him indicted and sent to the penitentiary for the same, but at the same time promised and agreed with him that if he would give said promissory note for one thousand dollars he would altogether desist from instituting any criminal prosecution for said supposed offenses; and for no other consideration he did execute and deliver to the said Johnson the note in plaintiff's petition described. Wherefore," &c.

Do the facts stated in this defense constitute a defense to the cause of action stated in the petition?

Edwards, in his work on bills of exchange and promissory notes, states the rule concisely, and, as I think, correctly, as follows: "When a negotiable instrument has passed, in the ordinary course of business, into the hands of a *bona fide* holder, for a valuable consideration, without notice, the general rule is that the defendant cannot avail himself of a defense founded on the illegality of the note or bill in its inception. There are exceptions to this rule: such as the case of a note given upon an usurious consideration, or for money lost by gambling, such notes and securities be-

ing declared by statute to be absolutely void." Edwards on Bills of Exchange and Promissory Notes, 337.

Tested by this rule, it will be readily seen that, while the note was illegal and uncollectible as between the original parties, yet that the answer states no defense to it in the hands of the plaintiff, as it does not deny the averments in the petition, that "the said Johnson indorsed and delivered the said note to the plaintiff before maturity thereof for value in due course of trade." Nor does the said answer bring the case within either of the exceptions named.

It is true that the facts stated would present a complete defense to the note in the hands of the payee. But they constitute no defense against the note in the hands of a *bona fide* holder who has received it for value before maturity, in the due course of business, and without notice of illegality in its inception.

The supreme court of North Carolina states the rule correctly in the following words: "If a statute declares a security void, it is void in whosesoever hands it may come. If, however, a negotiable security be founded on an illegal consideration (and it is immaterial whether it be illegal at common law or by statute), and no statute says it shall be void, the security is good in the hands of an innocent holder, or one claiming under such holder. *Glenn v. The Farmers' Bank of North Carolina*, 70 N. C. Reports, 191. The rule is stated the same, in substance, in New York, *Vallett v. Parker*, 6 Wend., 615, and in Virginia in the well-reasoned case of *Taylor v. Beck*, 3 Rand., 316.

Having carefully considered the case of *Kittle v. De Lamater*, 3 Neb., 325, with the authorities there cited, I cannot agree to the proposition contained in the fifth clause of the syllabus, which is in the following words: "Or if the note be founded upon an il-

legal consideration, prohibited by some positive statute, no recovery can be had, even though the indorsee may not be privy to the original transaction," and which is expressed in the body of the opinion in the following language: "But again, it is contended that the note is good in the hands of the indorsee, though it may not be valid as between the original parties. This is true as a general principle of law, but there are exceptions to this general rule, and these exceptions may be embraced in three classes. * * * * In the second class the indorsee may not be implicated in or privy to the original transaction between the parties; yet there can be no recovery on the notes if the contract was founded on an illegal consideration prohibited by some positive statute, or the performance of which is *malum in se*."

In my view of the law, in order to prevent a recovery in the case stated in the above exception, the case must come within some statute expressly declaring notes given for such consideration void.

Therefore, as that portion of the answer demurred to did not state a defense to the cause of action set out in the petition, the demurrer was properly sustained by the district court, and its judgment must be affirmed.

JUDGMENT AFFIRMED.