## Marine Court.

*Trial Term—Febru ry,* 1883.

## MARGARET A. KNIGHT *against* ALEXANDER H. MOTT.

A promissory note given to an innkeper for liquors and cigars. sold on credit to the maker, who was not a lodger in the house, is void.

McADAM, J.—The statute (2 *R. S.* 6th ed. 37, § 16), provides that "no inn, tavern or hotel-keeper, who shall trust any person, other than those who may be lodgers in his house, for any sort of strong or spirituous liquors or wines, shall be capable of recovering the same by any suit, and all securities given for such debts shall be void." The note in suit was given for spirituous liquors and cigars sold on credit to the defendant, who was not a lodger in the payee's house. The claim as to the cigars was legal, but as to the liquors it was illegal, and this partial illegality vitiates the note in toto (*Daniels on Neg. Instruments,* § 204, and cases cited). If the illegal portion of the consideration be

severable a recovery may be had therefor in an action for good sold and delivered, but not in a suit founded upon the illegal security (*Ib.*). The statute having declared the security void, the maker may set up that defense even as against·a *bona fide* holder (Vollett v. Parker, 6 *Wend.* 622 ; Bayley v. Taber, 5 *Mass.* 286). As the note was void *ab initio,* the subsequent promise to pay it does not give it validity, nor can forbearance to sue a void security impart to it the life necessary to make it enforceable.

It follows that there must be judgment for the defendant.

No appeal was taken.