STORZ BREWING COMPANY, APPELLEE, V. JOHN SKIRVING, APPELLANT.

FILED JUNE 26, 1913. No. 17,320.

Bills and Notes: DEFENSES: GAMING. Record examined, and the case held to be ruled by *Smith v. Columbus State Bank*, 9 Neb. 31.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*L. C. Chapman,* for appellant.

*Richard S. Horton* and *J. A. Donohoe,* contra.

FAWCETT, J.

From a judgment of the district court for Holt county, in favor of plaintiff, for the sum of two promissory notes, with interest and costs, defendant appeals.

The petition alleges that the notes in suit were executed and delivered by defendant to one Stanton; that before maturity and for a valuable consideration they were sold and delivered by Stanton to plaintiff. The answer admits the execution of the notes, denies all other allegations in the petition, and alleges affirmatively that defendant received no consideration for the execution and delivery of the notes; that Stanton was engaged in the saloon business and in connection therewith conducted a gambling house; that about March 1, 1904, defendant, in Stanton's place, engaged in gambling and lost large sums of money; that the promissory notes sued upon were given to Stanton in settlement of such loss; that there was no other or further consideration for said notes; that by reason thereof the title to the notes did not pass from defendant to Stanton, and that the notes are the individual property at the present time of defendant; that plaintiff has no title whatever in the notes and no standing to maintain an action thereon.

It will be observed that the gambling debt, if such it may

be termed, was incurred by defendant on or about March 1, 1904, while the notes were not given until the 14th of the next month. There is no provision in our statute making a note, given under such circumstances, void. The wording of the statute is that any person who shall lose any property or money in a gambling house, the wife or guardian of such person, his heirs, legal representatives or creditors, shall have the right to recover the money or the amount thereof, or the property or the value thereof, in a civil action, and may sue all persons participating in the game, and may join the keeper of the gambling house in the same action, "who shall be jointly and severally liable for any money or property lost in any game or through any gambling device of any kind, and no title shall pass to said property or money." Criminal code, sec. 214. This language comes far short of declaring a promissory note, subsequently given to settle a gambling loss, void. That such note would be voidable in the hands of the original payee may be conceded, but the note being negotiable in character, and having been assigned for value before maturity to an innocent purchaser, the rule cannot be extended to such a case. That the plaintiff in this case is a *bona fide* holder for value of the notes is established by the stipulation of the parties upon the trial. The third paragraph of the stipulation reads: "That the plaintiff, before the maturity of said notes, and for a valid consideration, purchased said notes of the payee, A. A. Stanton, without any knowledge or information of the consideration for which they were given, and that plaintiff is an innocent purchaser for value of both of said notes before maturity."

Extended consideration of this case is not necessary. It is ruled by *Smith v. Columbus State Bank*, 9 Neb. 31. Upon the authority of that case, the judgment of the district court is

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.